PENDLEY v. STATE.

(Court of Criminal Appeals of Texas. June 25, 1913.)

1. CRIMINAL LAW (§ 792*)—INSTRUCTIONS— PRINCIPAL OR ACCESSORY.

In a prosecution for hog theft, the owner testified that he found that his hogs had disappeared and had been tolled away by corn by two and possibly three persons, and followed the tracks some distance in the direction where accused and others lived, and, failing to find the hogs, procured a search warrant, and investigated the houses of several people living in the neighborhood, and in three or four places found fresh hog meat corresponding in size to his own hogs. Accused denied that he had taken the hogs, or that he was where the hogs were taken, and gave evidence that he worked on a certain house on a chimney until about noon, when, the work having stopped, he and others killed two of his own hogs, and sold some of them to his neighbors. *Held,* that the evidence required a charge on principals and accomplices or accessories, and on the question whether accused was merely the receiver of stolen property, so as to prevent his conviction as a principal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1818–1820; Dec. Dig. § 792.*]

2. CRIMINAL LAW (§ 775*)—INSTRUCTIONS— ALIBI.

The evidence required an instruction on alibi.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1833–1837; Dec. Dig. § 775.*]

3. LARCENY (§ 27*)—PARTIES TO OFFENSES— "PRINCIPAL"—"ACCOMPLICE."

In order to be a principal, accused must be connected with the original taking; and if he was not present at the time of the theft, but advised it and the hogs were taken pursuant to his advice, he would by the express terms of the statute be an accomplice.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 55–57; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 1, pp. 75–79; vol. 6, pp. 5552–5557; vol. 8, pp. 7561, 7763.]

4. LARCENY (§ 27*) — PARTIES TO OFFENSE — PRINCIPAL.

If accused knew that hogs were stolen by others and received the property, he could not be convicted as a principal.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 55–57; Dec. Dig. § 27.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Bud Pendley was convicted of hog theft, and appeals. Reversed and remanded.

Mahaffey, Thomas & Hughes, of Texarkana, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of hog theft; his punishment being assessed at two years' confinement in the penitentiary.

The state's contention is that J. E. Ketcham, the alleged owner, lost two hogs, and the circumstances pointed to appellant and others as having taken them. Ketcham testifies he had some hogs running in the bottom; they disappeared. In looking for them, he says, he found where two hogs had been driven or "tolled" by two parties, possibly there may have been a third party. He says the means by which the hogs were "tolled" was corn. He followed these tracks for some distance, and in the direction of where appellant and others lived. Failing to find his hogs, he procured a search warrant, and investigated the houses of several people living in that neighborhood, and in three or four of these places he found fresh hog meat, which he says would correspond in size to his missing hogs. This is the substance of the state's case. Appellant denied, with reference to the matter, that he had taken Ketcham's hogs; that he was not where the hogs were taken. In other words, he proved a complete alibi. He further proved that he worked at a certain house on a chimney until about noon or a little later, and for stated reasons, which are unnecessary here to repeat, the work ceased, and he, and others assisting, killed two of his own hogs, selling some of it to his neighbors and those who assisted him. In this way he accounts for the meat found in his and his neighbors' houses. The case for the state is one of circumstantial evidence, based upon the facts above stated. Without going into a detailed statement of the evidence further, the above is made to review the questions presented in reference to the charge of the court.

[1, 2] The court, in a general way, informed the jury that, if they believed appellant took the hogs of Ketcham under circumstances which constitute theft, he would be guilty, and in this connection charged on circumstantial evidence. The court did not charge the law applicable to the case as to principals or alibi, nor did he instruct the jury in affirmative terms that, if appellant was not present at the time of the taking of the animals so as to constitute him a principal in the taking, he would not be guilty; nor did he charge the jury that if he was only an accomplice or an accessory, or a receiver of the stolen property, he could not be convicted as a principal. These matters were all

raised by the evidence, and enough of the testimony has been stated to bring to the mind of the court the fact that these questions were all in the case.

[3] Appellant, in order to be a principal, must be connected with the original taking so as to constitute him a principal under the statute; otherwise he could not be convicted under this indictment. If he was not present, but advised the theft of the hogs, and they were taken in pursuance of his advice, he would be an accomplice by express terms of the statute.

[4] If after the hogs were stolen, and he knew them to be stolen, he received the property, in either event he could not be convicted under this indictment which charged him as the principal. This question has been so thoroughly reviewed in so many opinions it is deemed unnecessary to cite cases, but the matter underwent thorough investigation in the recent case of Menefee v. State, 149 S. W. 138, and in the case of Sam Kaufman v. State, 159 S. W. 58, decided at the present term on motion for rehearing in an opinion by Judge Prendergast. Appellant having availed himself in a timely manner of these defects in the charge and the court's failure to apply the law to the case entitles him to a reversal of the judgment.

The judgment is reversed, and the cause is remanded.