## BUNT PETTY v. THE STATE.

No. 17473. Delivered June 12, 1935.

The opinion states the case.

*Robt. M. Lyles,* of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted

of the offense of theft of two sheep, and his punishment was assessed at confinement in the state penitentiary for a term of four years.

The facts in this case are in substance similar to the facts in the case of Bunt Petty v. State, No. 17474, decided by this Court on April 3, 1935, not yet reported (128 Texas Crim. Rep., 562), and we do not deem it necessary to restate the same except so much thereof as may be necessary for a better understanding of the questions involved in this case and hereinafter discussed.

The testimony shows that after Earl Huffman and Bill Foley had stolen a flock of sheep from George Pepper and while driving them through the pasture of Mr. Livingston to that of the appellant, two of Mr. Livingston's sheep ran into the herd unobserved by Huffman and Foley and were not discovered until after the sheep had been penned in the appellant's pen, when Huffman asked appellant if he didn't want them to take the Livingston sheep back to their pasture, whereupon appellant replied, "No, they are already in my mark and I want to keep them"; that appellant killed one of said sheep, which was fire branded, and they killed two black sheep brought from Pepper's ranch; that one of the black sheep and the hides of the two other sheep were buried on the appellant's premises near his barn; that the two Livingston sheep were muttons and appellant paid Huffman and Foley the same price for said Livingston's sheep as he paid them for the lambs and mutton stolen from Pepper. Mr. Graham, the sheriff, testified that he uncovered a black sheep and the hides of two other sheep at a place on appellant's premises pointed out by Huffman.

The court submitted the case to the jury upon the first count in the indictment charging theft of the sheep. The appellant, among other things, complains of the action of the trial court in refusing to give his requested special charge No. 5, which reads as follows:

"You are further instructed that the defendant is no longer on trial for fraudulently receiving and concealing the sheep described in the indictment, knowing them to have been stolen, and if you believe from the evidence that the defendant had some guilty connection with the sheep referred to in the indictment but that his connection therewith was receiving and concealing same knowing them to have been stolen, or if you have a reasonable doubt as to this, you will find the defendant not guilty and this will be your duty even though you should believe from the evidence that the defendant purchased the

sheep described in the indictment knowing them to have been stolen from George Pepper."

The court in his main charge did not instruct the jury upon this phase of the case, whereupon the appellant requested the court to submit to the jury said special requested instruction. We are of the opinion that the court in declining to do so or to incoroporate one of like import in his main charge fell into error. The facts and circumstances raise the issue and appellant was legally entitled to have the jury determine that issue under an appropriate instruction from the court. See Pendley v. State, 158 S. W., 811; Boyd v. State, 24 Texas App., 570.

The appellant also challenges the sufficiency of the evidence to sustain his conviction, in this, that the witnesses Huffman and Foley were accomplices and were not corroborated as to the presence of the appellant at the time and place of the alleged theft. The State proved that the sheep of Pepper and Livingston were all brought to the appellant's pen by Huffman and Foley at the same time and appellant paid Huffman and Foley for the Pepper and Livingston sheep at the same time. Huffman and Foley's testimony that they first discovered the two Livingston sheep in the herd when they reached the appellant's pen is not corroborated nor are they corroborated in their testimony that when they asked the appellant if they should return the Livingston sheep he said, "No, they are already in my brand and I will keep them." The State having tried and convicted appellant of receiving and concealing the Pepper sheep at the same time that he received the Livingston sheep, which was one and the same transaction, could only carve but one time and having done so could not again convict him of theft of the Livingston sheep. See Herera v. State, 35 Texas Crim. Rep., 607, Willis and Boyd v. State, 24 Texas App., 586.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.