## SAM CRINER V. THE STATE.

### No. 2108.   Decided November 29, 1899.

**1. Theft of Cattle—Principals—Charge.**

On a trial for theft of cattle, it is error to instruct the jury, in effect, that the mere concurrence of the minds of the parties, in pursuance of a previously formed design to commit theft, constitutes them principals. The statute requires presence or participancy, or, if not present, the doing of some act in furtherance of the common design, etc., or keeping watch to procure the safety or concealment of the offenders. Following Wright v. State, 40 Texas Criminal Reports, 45.

**2. Same—Principal and Accomplices—Charge.**

Under our statute, a defendant can not be guilty as a principal and an accomplice at the same time. A defendant can not be convicted as an accomplice on the same state of facts that would make him a principal or receiver of stolen property, and it is error to so frame a charge as that such an unwarranted conviction could be had.

**3. Same—Accomplice.**

' On a trial for theft of cattle, if the only connection of defendant with the crime was to conceal and sell the animal and collect the money for the same, this would not constitute him an accomplice, although it might constitute him a receiver if he acted with fraudulent intent.

**4. Same—Charge as to Principals and Alibi.**

Where the court, as to principals, charged the jury, in effect, that a mere concurrence of the minds of the parties would constitute them principals whether they were in fact present or not at the commission of the offense; and then charged them to acquit if they had a reasonable doubt of defendant's presence at the time and place of the commission of the offense, Held, the charges are conflicting, erroneous, misleading and confusing.

APPEAL from the District Court of Hill.   Tried below before Hon. J. M. HALL.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Johnson & Warren*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was indicted as a principal for the theft of a cow, the property of W. W. Carter. The indictment properly charged the theft of the animal. There are several bills of exception, which present the alleged erroneous rulings of the court to the admission of testimony, as well as improper charges given, and the refusal of requested instructions. There is also a bill of exceptions reserved to the court's refusal to continue the case. The case is one of circumstantial evidence. The cow was taken at night from the inclosure of the alleged owner, and placed in the butcher-pen of one Clark. Early the morning following the theft appellant approached Clark, and informed him of the fact that the cow was in the pen; that the man who had spoken to him about the cow had placed her there, and wanted his pay. He had formerly informed

Clark that a white man, whose name was not given, and who lived in the country, had gotten him (appellant) to sell some cattle; that this man stated he had seven or eight head he wanted to dispose of, but, inasmuch as he was not acquainted in Hillsboro, and defendant was, he wanted him (defendant) to make the sale and collect the money. After consulting the sheriff Clark agreed with defendant to take the cattle. Defendant stated the cattle would be put in the pen at night. The cattle were to be butchered at once or carried out of the country. On same morning, but subsequent to this demand by appellant of Clark for pay for the animal, Sheriff Bell met and requested appellant to accompany him to his office. He did so. While at the office, and before the arrest, appellant made the same statement in effect, to the sheriff that he had previously made to Clark in reference to the cattle and the conversation with the white man. After some further conversation, the sheriff, among other things, asked him to describe the white man; whereupon defendant said: "Mr. Bell, I will tell you the truth about the whole matter, as far as I can. Jasper McMullen, several weeks ago, came to me, and told me he had several head of cattle he wanted to sell; that they must be butchered right after delivery, or shipped out; that he was not acquainted with the butchers in Hillsboro, and wanted him to make arrangements with them, and when delivered, for him to collect the money, and agreed to give him ten dollars to do this. I agreed to do it. I made arrangements with Mr. Clark for him to take any cattle put in his pen, and I went to collect the money. This is all that I had to do with it." After this statement, the sheriff took him in custody, and then warned him that whatever he might say would be used as evidence against him. Appellant again, while under arrest, repeated the story of the conversation and agreement with McMullen. The State put in evidence all the matters above detailed, through the sheriff and through Clark, as to appellant's statement in regard to the white man. Appellant introduced evidence corroborative of his statement as to his connection with the cattle through Jasper McMullen. No one testified positively as to how the cow was taken from the pen or inclosure of the owner' and put into the butcher-pen of Clark. If appellant took the cow, and placed her in the pen, of course he would be the thief. If Jasper McMullen was the taker, and defendant not present or doing some act constituting him a principal, he could not be convicted under this indictment.

The court charged the jury in regard to the law of principals, among other things, as follows: "Was the act done in pursuance of a common intent, and in pursuance of a previously formed design, in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground when the offense was actually,

committed or not." This charge has been frequently condemned by this court as being incorrect. McIver v. State (Texas Crim. App.), 37 S. W. Rep., 745; Dawson v. State, 38 Texas Crim. Rep., 50; Yates v. State (Texas Crim. App.), 42 S. W. Rep., 296; Bell v. State, 39 Texas Crim. Rep., 677; Wright v. State, 40 Texas Crim. Rep., 45. In the latter case it was said: "It takes something more than the mere concurrence in the minds of the parties, in the pursuance of a previously formed design to commit the act of theft, to constitute them principals. The statute requires either their presence and participancy, or, if the parties were not actually present, then those not actually present must be doing some act in furtherance of the common design; or they must be engaged in procuring aid, or arms, or means of some kind, to assist in the commission of the offense, while the others are executing the unlawful act; or they must be endeavoring, at the time of the commission of the offense, to secure the safety or concealment of the offenders; or they must employ a child, or other person who can not be punished, to commit the offense." He would also be a principal if keeping watch while other committed the theft. This charge perhaps would not be reversible error if the facts were conclusive that appellant was actually present and participated in the theft, but, under the testimony, his participancy in the taking must be deduced from the circumstances detailed.

Upon the evidence already stated, the court gave this further charge: "But, on the other hand, if you, have a reasonable doubt as to whether the defendant, acting alone, fraudulently took said animal, or, acting in connection with some other person or persons, fraudulently took said animal, under such circumstances as to make him a principal as above explained, you will find him not guilty. And you are further instructed that if you believe from the evidence the only connection defendant had with the offense with which he is charged was to conceal said one head of cattle, and collect the money for the same, then you are instructed that he would not be guilty of theft as charged, and you should acquit him, because, if that was all the connection he had with the offense, if any, then he might be an accomplice, but would not be guilty as a principal." An accused, under our statute, can not be guilty as a principal and an accomplice at the same time. The acts of the accomplice are all done prior to the commission of the offense; and these acts, in order to constitute him an accomplice, would terminate his connection with the transaction, so far as the taking is concerned. But if, as stated in this charge, his only connection with the crime was to conceal and sell the animal or head of cattle, and collect the money for the same, this would not constitute him an accomplice. It might constitute him a receiver or concealer of stolen property, if his receiving and concealing of the cattle was fraudulent; that is, if he knew the property was stolen at the time he received or disposed of it. But the court did not stop here. He gave a charge upon alibi. Under this charge, the jury were

instructed that, if the evidence raised in their minds a reasonable doubt as to the appellant's presence at the place where the offense was committed, at the time of its commission, that you should find him not guilty. If the charge on principals was correct, as given, on this same state of facts, if the jury found him not present at the time of the offense, he would be guilty. The trouble with these charges is that they are in such a confused condition that the jury would be left in serious doubt as to what the court conceived the law to be. If the defendant was not present at the time and place of the commission of the offense, and was not doing some act in aid or execution of the common design, so as to bring him within the purview of the statute in regard to principals, he, of course, would not be guilty of theft. Still, in giving charges of this kind in this character of case, the court should so construct same as to inform the jury of their duty, and not to confuse and mislead. If he was a principal, he could not be an accomplice; if he was an accomplice, he was necessarily absent. He could not be convicted as an accomplice and acquitted on alibi. Nor could he be guilty as an accomplice on the same facts that would make him a principal or receiver of stolen property. So, likewise, he could not be guilty as receiver of stolen property on the same facts which would make him a principal or an accomplice. The principal must be acting in connection with the commission of the crime, as set out in the statutory provision, and he could not be guilty under our statutes defining "accomplices," "accessories," and "receivers of stolen property." Charges were requested by appellant seeking to cure these errors, but refused by the court.

It is not necessary here to discuss the application for continuance, for, as presented here, the question will not arise upon another trial. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*