### Jim McAlister v. The State.

No. 2846.    Decided November 11, 1903.

**1.—Principal—Accomplice—Charge.**

A party indicted as a principal can not be connected as an accomplice; and where the evidence presents such issue the court should so instruct the jury.

**2.—Same—Theft of Mules—Charge—Principals.**

On a trial for theft of mules it was error to instruct the jury, in effect, that the mere concurrence of the minds of the parties in pursuance of a previously formed design to commit theft constitutes them principals. The statute requires presence or participancy; or, if not present, the doing of some act at the time of its commission in furtherance of the common design. Following Criner v. State, 41 Texas Crim. Rep., 290.

**3.—Same.**

Where the court in one paragraph instructed that the defendant could be convicted as a principal whether he was present or not, and in another paragraph told the jury that if he was not present, or they had a reasonable doubt of his guilt, they should acquit, the charge was irreconcilable and confusing, and contradictory.

**4.—Same—Accomplice.**

The court may instruct that a witness is an accomplice if the facts upon that point are unquestioned, and ordinarily it is incumbent that the court should give such charge direct to the jury, or leave the matter of accomplice vel non to be decided by them. If the failure to instruct that a witness is an accomplice would result injuriously to defendant, then the charge should assume and so instruct that the witness was an accomplice.

Appeal from the District Court of Erath.    Tried below before Hon. W. J. Oxford.

Appeal from a conviction of theft of two mules; penalty, two years imprisonment in the penitentiary.

The indictment contained two counts, one for theft and one for conversion by bailee. The mules were the property of Isaac Jackson, and

were placed in defendant's pasture by Jackson—Jackson having in fact purchasd the pasture—but defendant was still in possession. Edgar Hughes, who was indicted in a separate indictment for the theft of these mules, testified that he took the mules at the request of defendant, sold them for $65, paid defendant $45, and by agreement with defendant kept $20 for himself. Defendant was not present when Hughes got the mules and took them off, nor was he present when Hughes sold the mules.

*Nugent & Pannell,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains two counts, the first charging ordinary theft of mules; and the second theft of the same mules by conversion under bailment. The accomplice Hughes testified to facts which, if true and corroborated, would justify a conviction for theft by conversion.

Appellant introduced evidence showing if the mules were taken by the accomplice Hughes that he was not only not present but had no knowledge of the intended theft on the part of Hughes. The issue was also presented that Hughes committed the theft and appellant may have been accomplice by advising, aiding, etc., Hughes, thereby rendering himself an accomplice to the crime. The court submitted the issue of principals under both counts. Error is assigned because the jury were not instructed that if he was only an accomplice to the crime he should have been acquitted under this indictment. Upon another trial this phase of the law should be given, because if he advised Hughes to take the property and Hughes did in fact take it, and appellant was not present at the time of the taking, nor aided in any way in the original taking, he could not be subject to conviction under this indictment, because it charges him with being a principal.

The following charge was given: "In the first place, then, you are instructed that all persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons, the true criterion for determining who are principals is, did the parties act together in the commission of the offense, was the act done in pursuance of a common design and in pursuance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground when the offense was actually committed or not." Exception was reserved to this paragraph of the charge. This was error. See Criner v. State, 41 Texas Crim. Rep., 290, in which the authorities are collated.

This further charge was given: "Moreover, if you believe and find

from the evidence in this case that Edgar Hughes took the mules described in the indictment, under such circumstances as to constitute such taking theft, that the defendant was not present, and did not participate in such taking of the said mules at the time they were taken, if you find they were taken, or if you have a reasonable doubt as to whether or not defendant was actually present and participated in said taking under such circumstances as to make him a principal, you will acquit him." This charge is in direct conflict with the one above quoted. In the first charge the jury are informed that appellant could be convicted as a principal whether he was present or not. In the other, the jury are told if he was not present, or they had a reasonable doubt of his guilt, they should acquit. These charges are irreconcilable, and left the jury in chaotic confusion as to the status of the law. On this question see also Criner v. State, supra. This doubtless was given by the court to meet that phase of the evidence which called for a charge upon the law of accomplices, that is, if the property was taken and appellant had advised or had performed acts of an accomplice beforehand, and was not present at the time, the jury could not convict him under the indictment. But as the charges are presented in the record they are confusing and contradictory. The jury should be told plainly in cases of this character, where the issues of accomplice and principal are suggested by the testimony, that if the facts show him to be a principal he may be convicted, if they show him to be an accomplice he can not be convicted.

Exception is reserved to the charge submitting the question of Hughes being an accomplice and the necessary corroboration, as an issue of fact to be determined by the jury. The contention is that the court should have told the jury that he was an accomplice. We believe the charge of the court, as applied to the facts in this case, was correct, because it was an issue upon the trial made by appellant's testimony that he had no guilty participancy in the taking either as a principal or as an accomplice. Where the facts are unquestioned, and upon which there is no issue that the witness is an accomplice, the court may assume that, and so charge the jury in appropriate language, and under some circumstances it has been held by this court that the charge should be so given. But usually it is immaterial whether it is given in the form of a direct charge to the jury that the witness was an accomplice or left as a matter of fact to be decided by them. If the facts are of such a character that the failure to instruct the jury that the witness was an accomplice would result injuriously to defendant, the charge should assume, and so instruct the jury, that the witness was an accomplice. The facts of each particular case, however, must determine the necessity or advisabilty of the form of charge in regard to accomplices as witnesses, as in most other issues arising on the facts. We are of opinion there was no error in this phase of the court's charge.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*