## AUS DAVIS v. THE STATE.

### No. 4543. Decided January 20, 1909.

### Rehearing by State Denied March 17, 1909.

**1.—Theft of Cattle—Charge of Court—Accomplice.**

Upon trial for theft of cattle where the evidence left the question of accomplice in doubt the court properly charged the jury leaving this a question of fact to be found by the jury.

**2.—Same—Charge of Court—Accomplice.**

Where upon trial for theft of cattle the court's charge on accomplice testimony was entirely in accordance with the decisions of the Court of Criminal Appeals, there was. no error. Following Barton v. State, 49 Texas Crim. Rep., 121; Oates v. State, 50 Texas Crim. Rep., 39.

**3.—Same—Charge of Court—Imputing Crime to Another.**

Where upon trial of theft of cattle the evidence did not raise the issue that any one else was connected with the theft, further than that the defendant participated in the theft, there was no error in the court's failure to charge upon this issue.

**4.—Same—Charge of Court—Explanation—Recent Possession.**

Upon trial of theft of cattle where the evidence did not show that the defendant made any explanation at the time of his arrest as to the possession of the stolen property, there was no error in the court's failure to charge on recent possession and reasonable explanation. Following Grande v. State, 37 Texas Crim. Rep., 51.

**5.—Same—Charge of Court—Principals.**

Where upon trial of theft of cattle the evidence showed that shortly after the animal was killed defendant appeared on the scene and practically took charge of the situation, giving directions as to the disposition of the animal, etc., the court correctly charged on the law of principals.

**6.—Same—Sufficiency of the Evidence.**

Where upon trial of theft of cattle the evidence showed conclusively that the defendant was concerned in the theft the conviction is sustained.

**7.—Same—Charge of Court—Principals—Presence of Defendant.**

Upon trial of theft of cattle where the evidence showed that the defendant was present after the animal was killed, but there was no positive proof that he was concerned in the original taking of the animal in question, the court erred in his charge on the law of principals that it was not necessary that the defendant should be actually bodily present when the offense is committed. Following McDonald v. State, 46 Texas Crim. Rep., 4, and other cases.

Appeal from the District Court of Madison. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

E. A. Berry, for appellant.—On question of principals: Sue v. State, 52 Texas Crim. Rep., 122, and cases cited in opinion. On question of accomplice: Walker v. State, 37 S. W. Rep., 423; Wilkerson v. State, 57 S. W. Rep., 956; Clifton v. State, 46 Texas Crim. Rep., 18; Sessions v. State, 37 Texas Crim. Rep., 58; Armstrong v. State, 33 Texas Crim. Rep., 417, 26 S. W. Rep., 829. On question of recent possession and explanation: Tankersley v. State, 51 Texas Crim. Rep., 224; Bond v. State, 4 S. W. Rep., 580; Shule.ᵛ v. State, 4 S. W. Rep., 581.

F. J. McCord, Assistant Attorney-General, and Dean, Humphrey & Powell, for the State.—On question of court's charge on principals and that defendant's rights were not injured thereby: Brewin v. State, 49 Texas Crim. Rep., 296, 92 S. W. Rep., 420; Bounra v. State, 98 S. W. Rep., 267; Glascow v. State, 50 Texas Crim. Rep., 635, 100 S. W. Rep., 933.

RAMSEY, Judge.—Appellant was indicted in the District Court of Madison County, charged with the theft of one head of cattle—the property of one Ford. On trial he was convicted and his punishment assessed at confinement in the penitentiary for a period of two years.

The evidence shows briefly that about the 15th of August, 1907, a red heifer yearling belonging to Ford was missed by him and later found not far from where appellant resided, in what is known as the old Judy Field, with the hide covering the bones of the yearling from which the flesh had pretty well all been cut. There was no doubt about the identity of the animal. The ear, which seems to have been left, bore Ford's mark; and near where the skeleton was found was a bell which had been worn by the animal. The conviction rested somewhat largely upon the testimony of Thomas Johnson, who stated in substance that he came to where the yearling was killed after it was killed, and that the meat was cut from the body of the animal, and that after this was done appellant instructed the parties present, who were younger than himself, to take what was left of the animal into a nearby pasture and cover the bones with the hide, and also to take the meat to his house by a round about way. This witness denied any complicity in the actual killing of the yearling or any knowledge of the ownership of same. Later on the same day the party searching the premises of appellant found in his smokehouse a large can pretty well filled with fresh meat

in which there were no bones. No explanation of this was given by appellant. One of his sons stated in his absence, however, to the officer that he had bought the meat from one Johnson. This is a brief summary of the more important evidence, and is not intended in any sense to be more than a mere outline of the inculpatory facts.

1. A number of grounds are urged why this conviction should be set aside. First, it is claimed that the court erred in his charge to the jury in failing to instruct them, as a matter of fact and law, that the witness Thomas Johnson was an accomplice. The court did instruct the jury that if they believed, or found from the evidence that this witness was an accomplice, then that no conviction could be had on his testimony, unless they believed his testimony was true, and there was other evidence in the record tending to corroborate his testimony, and that such corroboration was not sufficient if it merely showed that an offense had been committed. It is well settled in this State that where the matter is left in doubt as to the relation of a witness to a crime charged, it is proper and frequently demanded that the court should submit the issue in question to the jury as to whether such witness was or was not an accomplice. And so in this case not only do we believe that the court did not err in so instructing the jury, but that if he had instructed the jury that as a matter of law the witness Johnson was an accomplice, appellant would have had just ground for complaint, and we would on such instruction have been compelled, if the matter were challenged, to have reversed the judgment.

2. The next and second ground of the motion for a new trial is thus stated: "Because the court erred in his general charge to the jury on the subject of accomplice's testimony in this: that it assumed that the testimony of the accomplice showed or tended to show that the defendant was guilty of the offense charged, and only required the jury to believe that said testimony was true, and that same had been corroborated by other evidence tending to establish beyond a reasonable doubt that the defendant committed the offense charged. Defendant says, that before the jury would be authorized to convict upon the testimony of an accomplice three things must be found (a), that the accomplice's testimony is true; (b) that the accomplice's testimony showed, or tended to show, that defendant was guilty of the offense charged; and (c) that there was other testimony, outside of the accomplice's testimony, tending to connect defendant with the offense charged; and defendant shows to the court that nowhere in his charge did he tell the jury that before they could convict upon the testimony of an accomplice that his testimony shows or tends to show that defendant was guilty of the offense charged. And the court further erred in said charge in failing to instruct the jury that the corroboration is not sufficient

Vol. 55 Crim.—32.

if it merely shows the commission of the offense." On this subject the court charged the jury as follows: "A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means any one connected with the crime committed, either as principal offender, as an accomplice, as an accessory, or otherwise. It includes all persons who are connected with the crime by unlawful act or omission on their part, transpiring either about, at the time, or after the commission of the offense, and whether or not he was present and participated in the commission of the crime. Now, if you are satisfied from the evidence that the witness, Thomas Johnson, was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are further instructed that you can not find the defendant guilty upon his testimony, unless you are satisfied beyond a reasonable doubt that the testimony of said witness is true, and you are further satisfied by other evidence beyond a reasonable doubt that the testimony of said witness has been corroborated by other evidence tending to establish beyond a reasonable doubt that the defendant did in fact commit the offense charged as charged."

It will be seen, we think, that the criticisms contained in the second paragraph of appellant's motion, above quoted are not wholly justified by the record. We think that this charge is entirely in accordance with the decisions of this court in the case of Barton v. State, 49 Texas Crim. Rep., 121, and Burrell Oates v. State, 50 Texas Crim. Rep., 39. These decisions proceed upon the principle that where in any case the court merely charges the jury that in order to sustain a conviction, the testimony of the accomplice must be corroborated, the jury might thereby infer that it was the opinion of the court that the testimony of the accomplice was true, and that in order to relieve such charge of the criticism that it was upon the weight of the testimony, the jury should be further instructed that before they could convict upon such accomplice's testimony, they must believe that such testimony was true. Whatever might be thought of the correctness of these decisions at this late day, they have become a settled rule of this court, and the profession generally, as well as trial judges have come so to regard it. However, testing the charge of the court by the strictest rule ever laid down by this tribunal, we think it is substantially beyond just criticism and follows the doctrine laid down in the cases above cited. In addition to the charge on accomplice's testimony, and after the definition of the offense of theft, the court charged on the law of principals, reasonable doubt and the defense of alibi.

3. There is complaint made in the motion for new trial that the court erred in that it did not instruct the jury as to the meat found

in defendant's smokehouse, and that they must believe that the appellant took the cow from Ford, and could not convict if they believed anyone else took the cow, and that defendant subsequently came into the possession of a part of the meat, etc. We do not think that this issue was raised in the evidence further than as it was connected with the general proposition as to whether appellant was guilty of the theft of the cow in question.

4. Again, it is urged that the court erred in that he failed in his charge to give an instruction on reasonable explanation in connection with appellant's recent possession of meat presumably taken from the stolen cow. The record does not show that the defendant made any explanation when the meat was found in his smokehouse, or at the time of his arrest. One of the other parties charged with the crime, probably John Davis, did tell the officer that he had bought the meat from one Frank Johnson, but the evidence shows without conflict that at this time appellant was not present. Nor does the statement of John Davis connect appellant as being present at the time the meat was acquired. The question is, therefore, whether appellant is entitled to the benefit of a charge on recent possession of stolen property where he made no such explanation himself, but where an explanation was made by a codefendant. We do not think so. The rule is well settled that where a defendant is found in possession of recently stolen property, and there is no explanation of his possession, the court is not authorized to charge on such phase of the case. Grande v. State, 37 Texas Crim. Rep., 51.

5. Again, it is urged that the court erred in his charge to the jury in instructing them on the law of principals, for that there was no evidence in the case showing or tending to show that appellant was the principal in the original taking of the alleged stolen cattle, and because same would warrant the jury in finding appellant guilty, regardless of whether he was actually present or participated in any way in the commission of the offense. In this connection it may be stated that when Johnson came on the scene where the animal was, appellant was not at that time present. The animal had evidently been killed a very short time before this. Very soon after this appellant did appear on the scene, and according to the testimony of Johnson, practically took charge of the situation, gave directions as to where the remains of the animal should be taken, how covered up, how placed, and further what disposition should be made of the meat cut from the animal's body, and even. of the journey to be made to his house. These facts unquestionably raise the issue as to his guilty participation in the original taking.

6. Finally, it is urged that the verdict of the jury is unsupported by the evidence, and absolutely without evidence to sustain it, in that there is no evidence outside of that of the accomplice, Thomas Johnson, going to show, or tending to show, that appellant had any connection whatever with the theft of the animal alleged

to have been stolen, or that he had ever entered into any conspiracy to steal said cow, and even the testimony of the accomplice wholly and absolutely fails to show that appellant was guilty of the original taking of the cow alleged to have been stolen. We can not accede to this conclusion. On the contrary, we think the evidence not only sufficient to justify the jury in convicting the appellant, but it raises in our minds the almost certain conviction that he was concerned in the theft.

Finding no error in the proceedings of the court below, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 17, 1909.

RAMSEY, JUDGE.—This case was affirmed at a former day of this term, and it is now before us on motion for rehearing. On original submission there was no brief filed by appellant (without, however, as subsequently shown, his fault or his counsel's), so the investigation of the case made by the court was without the aid of any explanation or discussion on his behalf.

We seemed clearly to have overlooked one of the most important, perhaps the controlling, question in the case. That question is with reference to the charge of the court as to who are principals. If it were important to do so we might give some reasonable excuse for our error in the fact that the ground of the motion raising this question seems to emphasize the action of the court in giving a charge on principals at all. This same question and supposed error is also pointed out in appellant's bill of exception No. 5. But after all is said the question now raised, that is, that the charge of the court on the doctrine of principals is erroneous, is clearly raised in appellant's seventh assignment of error. So we have no doubt that a court whose principal office it is to point out and correct the errors of others, should in all faithfulness and candor openly acknowledge its own.

The charge of the court complained of is as follows: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons, the criterion for determining who are principals is, did the parties act together in the commission of the offense? was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground when the offense was actually committed, or not." This precise charge has not infrequently been condemned by us. The most recent cases are

those cited by appellant: Yates v. State, 42 S. W. Rep., 296; Mc-
Donald v. State, 46 Texas Crim. Rep., 4, 79 S. W. Rep., 542, and
Criner v. State, 41 Texas Crim. Rep., 290.

In the Yates case we said: "We have heretofore discussed this
charge as defining who are principals, and it is not necessary here
to reiterate what was then said. See Dawson v. State, 41 S. W.
Rep., 599. In our opinion, as therein expressed, said charge does
not contain a correct definition as to who are principals. According
to the testimony in this case, the charge in question was calculated
to injure defendant's rights, inasmuch as there was no positive tes-
timony connecting him with the original taking, and the prosecution
depended wholly upon circumstantial evidence; and the circumstances
in proof were all of subsequent acts and conduct of the defendant,
and agreed as well, and indeed more strongly with the theory that
he was not present at the time of the taking." In the case at bar
there was no direct testimony of the presence of appellant at the
time the animal was either taken or killed, but his connection with
the original taking was sought to be established by acts and con-
duct occurring soon thereafter as well as by his possession of part
of the stolen property. So that we think it is obvious that this
charge was not only under the authorities erroneous, but must have
been seriously injurious and hurtful to appellant's case. The prin-
ciple upon which the objection to this charge rests is to our minds
best stated in the case of Bean v. State, 17 Texas Crim. App., 60,
quoted by Judge Brooks approvingly in the case of Dawson v. State,
supra. The court in the Bean case say: "The dividing line be-
tween the two is the commencement of the commission of the prin-
cipal offense. If the parties acted together in the commission of
the offense they are principals. If they agreed to commit the of-
fense together, but did not act together in its commission, the one
who actually committed it is the principal, while the other, who
was not present at the commission, and who was not in any way
aiding in its commission, as by keeping watch, or by securing the
safety or concealment of the principal would be an accomplice. To
constitute a principal, the offender must either be present where the
crime is committed, or he must do some act during the time when
the offense is being committed which connects him with the act of
commission in some of the ways named in the statute. Where the
acts committed occur prior to the commission of the principal of-
fense, or subsequent thereto, and are independent of and discon-
nected with the actual commission of the principal offense, and no
act is done by the party during the commission of the principal
offense in aid thereof, such party is not a principal offender, but is
an accomplice or an accessory according to the facts."

As a necessary deduction and corollary of what we have said above
it is evident that the court should have submitted to the jury the
issue and question as to whether under the facts appellant was an

accessory, accomplice or receiver of stolen property. See McAlister v. State, 45 Texas Crim. Rep., 258; Criner v. State, 41 Texas Crim. Rep., 290. The facts in the McAlister case, supra, were not unlike those here, and in disposing of that case, Judge Davidson says: "Appellant introduced evidence showing, if the mules were taken by the accomplice Hughes, that he was not only not present, but had no knowledge of the intended theft on the part of Hughes. The issue was also presented that Hughes committed the theft and appellant may have been an accomplice by advising, aiding, etc., Hughes thereby rendering himself an accomplice to the crime. The court submitted the issue of principals under both counts. Error is assigned because the jury were not instructed that if he was only an accomplice to the crime he should have been acquitted under the indictment. Upon another trial this phase of the law should be given, because if he advised Hughes to take the property and Hughes did in fact take it and appellant was not present at the time of the taking nor aided in any way to the original taking, he could not be subject to conviction under this indictment, because it charges him with being a principal." In this case there is, as we have stated, no positive proof that appellant was concerned in the original taking of the animal in question. His connection with the theft after the animal was killed, is shown by what seems to us strong testimony, and from the facts the jury might be justified in believing, and the issue is distinctly made in view of appellant's proof of alibi and denial of any connection with any theft at all, that he was not more, under the law and facts, than an accomplice, accessory or receiver of stolen property. This issue being raised by the evidence, the court should have instructed with reference to it. On fuller consideration it is clear to our minds that the objections now made to the court's charge must be sustained.

It is accordingly ordered that the motion be and the same is hereby granted and the judgment of conviction set aside, and the cause remanded for another trial.

*Reversed and remanded.*

[State's motion for rehearing denied March 17, 1909.—Reporter.]