## R. L. BROWN v. THE STATE.

### No. 5399.   Decided June 18, 1919.

**1.—Assault to Murder—Provoking Difficulty—Self-Defense—Charge of Court.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of defendant's right to lawfully seek the deceased for the purpose of a peaceful solution of their difficulties, without thereby forfeiting his right of self-defense in the event he was attacked, and the court refused in his charge on provoking the difficulty to embody this phase of the case, and refused a requested charge thereon, the same was reversible error. Following: Shannon v. State, 35 Texas Crim. Rep., 6, and other cases.

**2.—Same—Arrest—Evidence—Declarations of Defendant.**

Upon trial of murder, declaration by the defendant that he did the best he could in getting the deceased, when he was under arrest and not warned, was inadmissible. Following Dover v. State, 81 Texas Crim. Rep., 545, and other cases.

Appeal from the District Court of Wichita. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Martin & Oneal* for appellant.—On question of provoking the difficulty: Bow v. State, 31 S. W. Rep., 170; McCandles v. State, 57 id., 672; Burnett v. State, 100 id., 381; Lockhart v. State,

53 Texas Crim. Rep., 589, 111 S. W. Rep., 1024; Marshall v. State, 206 S. W. Rep., 356.

On questions of declaration of defendant while under arrest: Moore v. State, 79 S. W. Rep., 565; Lockhart v. State, 53 Texas Crim. Rep., 589, 111 S. W. Rep., 1024.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for assault with intent to murder with punishment fixed at three years confinement in the penitentiary.

The facts leading up to the difficulty show that appellant and Powell, the injured party, entered into an agreement to exchange property. Appellant's agreement contemplated a conveyance to Powell of a dwelling house and lot situated in Burkburnett. Appellant's wife had a deed to part of the property and apparently a homestead interest in it and declined to consent to the transaction. Powell took offense, an affray took place in which blows were exchanged, and according to some of the evidence appellant was worsted, both parties exhibiting knives. Powell entered the premises, taking possession of three rooms in the house, and appellant also entered taking possession of one room and the barn. In the trial of the forcible entry and detainer suit brought by appellant the decision in the Justice's Court was against Powell, from which he appealed and also instituted a proceeding in the District Court endeavoring to enforce his right under the contract of exchange. There was evidence of communicated threats by Powell against the appellant and on the trial of the case the issue of self-defense arising out of the assault and also out of the demonstration to execute the threats were submitted to the jury.

The State's version, arising from Powell's testimony, was that he went to the barn, which was on the back of the lot occupied by him and appellant; that his purpose in going there was to get some kindling but he found the barn locked; that he picked up a piece of plank and also a piece of timber called "2 by 4" and started in the direction of his house when he was accosted by appellant who was accompanied by his wife. The appellant called him a son-of-a-bitch and asked him if he had broken the lock to the barn. Powell replied "No, I didn't break it. If you will throw that gun down I will whip you." He did not see the gun at that time but said that appellant came to him and hit him on the leg with a little stick which he had in his hand. "Just pecked me on the leg with it, keeping his left hand in his pocket." Some conversation followed in which appellant claimed that Powell was taking more authority than he should take and about that time started to draw his gun with his left hand, when Powell struck at him with the piece of timber. Powell said that he failed to hit the appellant and that

appellant and his wife began firing at him.   There was evidence to
the effect that a piece of 2 by 4 timber was a deadly weapon. There
were a number of shots fired and Powell was injured.

The appellant's theory, supported by his testimony and that of
his wife who was also accused and on trial, was that on being told
by his little girl that Powell was breaking the lock on the barn, he
went out in the yard unarmed for the purpose of talking to him
and remonstrating with him for breaking the lock on the barn in
which the appellant had property. He claims that on asking Powell
if he broke the lock, Powell said, "No, but I will break it again
if I want to," to which appellant replied, "No you won't do any-
thing of the kind. You are taking too much authority around here
and should take only such as the court gives you." To which
Powell replied, "I have possession of the place and will do as I
please, and if you don't like it I will whip the hell out of you,"
at the same time hitting appellant with the scantling. He claims
that the blow from this pained and seriously injured him; that
he then ran into Powell and clinched him and while they were strug-
gling and Powell had him down on the ground choking him that his
wife ran up, having two pistols; that she attempted to hand him one
and Powell grabbed at it and that he then holloed for her to shoot
Powell and the firing begun. Appellant claimed he afterward ob-
tained one of the pistols and that he was not aware that his wife was
present, and she claimed that she had procured the pistols of her
own volition and without arrangement, and observing his serious
plight had endeavored to aid him and protect his life.

Appellant complains of the fact that the trial court qualified his
right of self-defense by instructing the jury on the law of provoking
the difficulty. Based on the State's testimony that appellant was
armed with a pistol when he came to Powell; that he used insulting
language and was in the act of drawing his pistol when Powell
struck at him, we are not able to say that the trial court erred in
holding that the issue of provoking the difficulty arose. In connection
with it, however, the appellant requested the court in substance to
instruct the jury that he might lawfully seek the deceased for the
purpose of a peaceful solution of their difficulties without thereby
forfeiting his right of self-defense in the event that he was attacked.
The court gave this instruction but declined appellant's request to
embody in it information that in seeking deceased for the purpose
stated the fact that he first armed himself would not deprive him of
the right to defend himself against an unlawful attack by Powell.
This phase of the law, we think, should have been given. The
previous encounter between Powell and appellant, the threats which
had been communicated, the hostile attitude that he occupied, as
disclosed by the evidence, were circumstances which might have
justified appellant in arming himself in anticipation of an attack
when he sought Powell for a peaceful interview. In the case of

Shannon v. State, 35 Texas Crim. Rep., 6, involving somewhat similar facts, the court rejecting the theory that the accused provoked the difficulty said: "The fact that one with a grievance arms himself, and seeks an interview with the man who wrongs him, is not necessarily a provocation, nor does it place the injured party necessarily in the wrong." If appellant sought Powell on a peaceful errand he was within his rights in arming himself, if in fact he did so, and since the evidence was conflicting touching the incidents of the encounter, and it being conceded that the deceased struck at the appellant with a deadly weapon, the jury should not have been left in ignorance of his right to arm himself, when deciding whether he was in the wrong and had, by provoking the difficulty, forfeited his right to defend his life. This court has frequently held that where the issue of self-defense arises and the court in submitting it, also submits the law of provoking the difficulty, that it should be accompanied, when the evidence shows the accused armed himself, by the statement of his right to do so. Fox v. State, 71 Texas Crim. Rep., 318; Mason v. State, 79 Texas Crim. Rep., 169, 183 S. W. Rep., 1156; Melton v. State, 47 Texas Crim. Rep., 458; Stanley v. State, 81 Texas Crim. Rep., 31, 193 S. W. Rep., 151; Roberson v. State, 203 S. W. Rep., 354.

On another trial the evidence that some time after the difficulty a witness said to appellant, "You have liked to have got him, didn't you," and that appellant replied "I done the best I could," should not be received. Appellant at the time was under arrest and not warned. It does not appear to have been *res gestae* and should have been excluded in obedience to the statute which inhibits the introduction of the admissions or confessions of one accused of crime made while under arrest and unwarned. See Oliver v. State, 81 Texas Crim. 529; Dover v. State, 81 Texas Crim. Rep., 545 and cases cited.

The judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*