GUADALUPE AVILA v. THE STATE.

No. 8652.    Delivered February 4, 1925.

1.—Theft—Principal—Accomplice.

Where in a conviction for theft the evidence shows that appellant was not present, and did not participate in the actual taking, but did induce another boy to commit the theft, and received the stolen property, he could not be convicted as a principal to the theft, but only as an accomplice, and for such reason the conviction cannot stand.

2.—Same—Receiving Stolen Property—Accomplice.

When appellant advises another to commit a theft, and receives the stolen property knowing it to have been so acquired, he would be guilty of receiving stolen property, or if he encouraged or advised or directed the theft, not being present when it was committed nor doing anything in furtherance of it, he would be guilty as an accomplice but cannot be convicted of the theft as a principal in either event.

Appeal from he District Court of Galveston County.    Tried below before the Hon. Robt. G. Street, Judge.

Appeal from a conviction of theft of property over $50.00 in value; penalty, two years in the penitentiary.

The opinion states the case.

*Elmo Johnson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the theft of property over the value of fifty dollars, punishment being assessed at confinement in the penitentiary for two years.

The indictment contained two counts, one charged appellant as a principal in the theft of property from L. H. Schronstein; the second count charged him with fraudulently receiving and concealing

the property from one V. Carlin, knowing it to have been theretofore stolen. The first count only was submitted to the jury. Schronstein was a merchant in the city of Galveston. Two suits of clothing were stolen from his store, aggregating more than fifty dollars in value. One suit was found in appellant's possession, another in the possession of one Joe Villa, who had purchased it from appellant. The State used as a witness, Vidal Carlin, a youth fourteen or fifteen years of age. He was working in the store for Schronstein at the time of the theft, and testified that appellant told him if he did not get him a pair of pants from the store he (appellant) "would get" witness; that some two or three weeks later appellant told witness to get him some suits of clothing from the store; that he did take the two suits in question on Saturday, taking one out of the store about three o'clock, and hiding it back of the store in a box, and about a half an hour later, took the other suit and hid it in the box; that after he quit work at six o'clock, he met appellant, and took him to the back of the store and turned the clothing over to him. This witness also testified that he had taken some thirteen pairs of pants and some five or six shirts from the store, taking them one at a time and hiding them, and later turning them over to appellant; that sometimes appellant would give him money for taking the clothes, and sometimes he did not; that for the two suits of clothes appellant gave eleven dollars to witness.

The point is made that the undisputed evidence does not make appellant guilty as a principal in the theft of the property, but only as an accomplice to the theft, or as a receiver of stolen property, and that for such reason the conviction can not stand. The State's attorney agrees with this view of the matter.

Appellant was not present when the theft was committed. He was doing nothing in furtherance of its commission. Vidal had no interest in the proceeds of the stolen property when disposed of by appellant. He understood that appellant would take the stolen property and perhaps give him some amount for it, although this did not appear to be always the case. We think these facts exclude the idea that appellant was a principal in the theft. See Arts. 74, 75, 76, and 79 of our Penal Code. Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W., 1046; Burrow v. State, 85 Texas Crim. Rep., 133, 210 S. W., 805; Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W., 58; Kolb v. State, 88 Texas Crim. Rep., 593, 228 S. W. 210; Truitt v. State, 8 Texas Ct. App., 148; Sessions v. State, 37 Texas Crim. Rep., 58; Dawson v. State, 38 Texas Crim. Rep., 50, 41 S. W. Rep., 1010; Bell v. State, 39 Texas Crim. Rep., 677, 47 S. W. Rep., 1010; Mitchell v. State, 44 Texas Crim. Rep., 228, 70 S. W. Rep., 208; O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39.

If, after advising Vidal to commit the theft, appellant received the property, knowing it to have been so acquired, he would be guilty as a receiver of stolen property, or if he encouraged or advised or directed the theft, not being present when it was committed, nor doing anything in furtherance of it, he would be guilty as an accomplice, but can not be convicted of theft as a principal in either event.  Bean v. State, 17 Texas Ct. App., 60; Golden v. State, 18 Texas Ct. App., 637; Criner v. State, 41 Texas Crim. Rep., 290, 53 S. W. Rep., 873; McAlister v. State, 45 Texas Crim. Rep., 258, 76 S. W. Rep., 760; Jones v. State, 57 Texas Crim. Rep., 144, 122 S. W. Rep., 31; Pendley v. State, —— Texas Crim Rep., ——, 158 S. W. Rep. 811; Silvas v. State, —— Texas Crim. Rep., —— 159 S. W. Rep. 223.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*