See, also, Johnson v. State, 11 S. W. 106, 27 Tex. App. 175; Taylor v. State, 97 S. W. 477, 50 Tex. Cr. R. 383; Denning v. State, 100 S. .W. 401, 50 Tex. Crim. R. 631; Miller v. State, 144 S. W. 240, 65 Tex. Cr. R. 302.

Believing that the court was in error in admitting the contents of a letter above discussed, and being in grave doubt as to the sufficiency of the evidence to show that prosecutrix did not know that appellant was a married man at the time she had the alleged act of intercourse with him, it is our opinion that the judgment should be reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

### HEXT v. STATE.    (No. 9976.)

(Court of Criminal Appeals of Texas. March 17, 1926. Rehearing Denied April 21, 1926.)

1. **Homicide** ⊜⇒30(1)—**One furnishing means for committing homicide, but neither actually nor constructively present at time of commission, cannot be convicted as principal or under indictment charging him as principal.**

  One furnishing means for committing homicide, *but absent at time of commission, and doing nothing then in furtherance of common design, so as to make him constructively present under law of principals, cannot be convicted as principal or under indictment charging him as principal.*

2. **Criminal law** ⊜⇒1144(½)—**It is presumed that trial court will exclude testimony held inadmissible on appeal from prior conviction.**

  It is presumed that trial court recognizes rule that holding on former appeal is law of case, and, *on another trial, will not overlook necessity of excluding testimony* held *inadmissible on appeal.*

#### On Motion for Rehearing.

3. **Criminal law** ⊜⇒519(3)—**Purpose of statute inhibiting use of confession, made while under arrest, against accused, is to prevent use of verbal statement by him while under arrest to prove his guilt (Vernon's Ann. Code Cr. Proc. 1916, art. 810 [Code Cr. Proc. 1925, art. 727]).**

  Purpose and effect of Vernon's Ann. Code Cr. Proc. 1916, art. 810 (Code Cr. Proc. 1925, art. 727), inhibiting use of confession, made while under arrest, against accused, except in certain cases, is to prevent prosecution from using verbal statement by accused while under arrest in proving his guilt.

4. **Criminal law** ⊜⇒412(3)—**Sheriff's testimony as to defendant's denial while in jail that he purchased strychnine as testified by state's witnesses held inadmissible for any purpose.**

  In murder trial, sheriff's testimony as to defendant's statement, while in jail under arrest, that he had not purchased strychnine on certain date as state's witnesses testified, *held* inadmissible for any purpose.

5. **Homicide** ⊜⇒142(3)—**Under indictment for murder by mixing poison with medicine, proof must show that defendant put poison in medicine or was so connected therewith as to render him a principal offender under statute (Vernon's Ann. Pen. Code 1916, arts. 75–78).**

  To .convict of murder under indictment charging that defendant mixed poison with medicine with intent to kill deceased, proof must show that , he actually put poison in medicine, or was so connected with transaction as to render him a principal offender, under Vernon's Ann. Pen. Code 1916, arts. 75–77 or 78.

6. **Homicide** ⊜⇒305—**Evidence held to require instruction that, if defendant, with criminal intent, gave poison to others, who administered it, he was accomplice, and could not be convicted as principal.**

  In trial for murder by mixing poison with medicine, evidence *held* to require instruction that, if defendant, with criminal intent, gave poison to others, who administered it, he was not a principal, but an accomplice, and *could not be convicted under indictment not so charging.*

7. **Criminal law** ⊜⇒1134(3)—**Evidence will not be held insufficient to support conviction, where errors of procedure necessitate reversal and new trial.**

  Where there is error of procedure necessitating reversal of conviction and new trial, court will not hold evidence insufficient to support conviction.

Commissioners' Decision.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

Bob Hext was convicted of murder, and appeals. Reversed and remanded.

James M. Whatley, of Paducah, W. D. Wilson, of Spur, G. E. Hamilton, of Matador, and Williams & Martin, of Plainview, for appellant.

Sam D. Stinson, State's ·Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of ,Tyler, for the State.

BERRY, J. The offense is murder, and the punishment is 25 years in the penitentiary.

This is the second appeal of this case. Disposition of the first appeal will be found in 271 S. W. 81, 100 Tex. Cr. R. 24, where a sufficient statement of the facts is recorded.

[1] Appellant complains at the court's action in refusing to give the statutory definition of an accomplice and to affirmatively in-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

struct the jury that, if defendant was only an accomplice, he could not be convicted under the indictment in this case. The charge of the court failed utterly to submit this issue to the jury and defendant excepted to the court's failure to do so, and such failure was manifestly error. Bean v. State, 17 Tex. App. 60; Phillips v. State, 167 S. W. 353, 73 Tex. Cr. R. 627; McAlister v. State, 76 S. W. 760, 45 Tex. Cr. R. 258, 108 Am. St. Rep. 958; Davis v. State, 117 S. W. 159, 55 Tex. Cr. R. 495; Jones v. State, 122 S. W. 31, 57 Tex. Cr. R. 144; Menefee v. State, 149 S. W. 138, 67 Tex. Cr. R. 201. From these cases the following rule is easily and clearly deducible, to wit:

If an appellant furnishes the means by which a homicide is committed by others, but is absent at the time of its commission, and is not then doing something in furtherance of the common design under the law of principals, so as to make him constructively present, then appellant cannot be convicted as a principal under our statute and under an indictment charging him as a principal with the commission of the offense. In this connection, we think it clear that, in addition to the foregoing charge, the jury under the peculiar facts of this case should have been instructed clearly and pertinently that, if another or others committed this offense without the guilty participation of the appellant, then he would not be guilty. Dubose v. State, 10 Tex. App. 230; Kirby v. State, 93 S. W. 1030, 49 Tex. Cr. R. 517; Wheeler v. State, 121 S. W. 166, 56 Tex. Cr. R. 547; Ward v. State, 158 S. W. 1126, 71 Tex. Cr. R. 310.

[2] Appellant also complains at the court's action in permitting the witness Jones to testify in effect that the appellant told him, while appellant was in jail and in the custody of Jones, the sheriff of Dickens county, that he had not purchased any strychnine on or about the 29th day of May, 1924, nor at any other time. On a former appeal of this case, the present presiding judge of this court held that this testimony was not admissible. It is clear and certain that the appellant was under arrest and in the custody of the very witness who gave this testimony at the time the statement is alleged to have been made, and, under the statute and authorities in this state, the testimony should have been excluded. Article 810, Vernon's C. C. P.; Reynolds v. State, 199 S. W. 636, 82 Tex. Cr. R. 443; Clark v. State, 207 S. W. 98, 84 Tex. Cr. R. 390; Brown v. State, 213 S. W. 658, 85 Tex. Cr. R. 493; Dover v. State, 197 S. W. 192, 81 Tex. Cr. R. 545. As above stated, this identical question was passed on by this court on a former appeal of this case, and it is to be presumed that the trial court recognizes the rule that the holding on a former appeal is the law of the instant case and on another trial will not overlook the necessity of excluding this testimony.

As the evidence in this case may be different on another trial, we do not deem it necessary or proper to discuss its sufficiency in the instant case.

For the errors discussed, the judgment of the trial court is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. [3] Jones, the sheriff, was permitted to testify that, after the appellant's arrest and while he was in jail, he had a conversation with the said Jones in which he said that he had not purchased any strychnine at Spur on the evening of the 29th of May, 1924. He said that he did not purchase any strychnine; that he had not been in the drug store for some two or three weeks; that he had purchased no strychnine from Jack Slayton. On the former appeal, the opinion was expressed that this testimony was not admissible. See 271 S. W. 81, 100 Tex. Cr. R. 27. It was received upon the present trial over the objection of the appellant, and state's counsel insists that it was properly received. The statute inhibits the use against one accused of crime of a confession made while under arrest, unless it comes within some of the exceptions embraced in the statute. See Vernon's Tex. Crim. Stat. vol. 2, art. 810; Revision of 1925 (Code Cr. Proc.) art. 727. The purpose and effect of the statute is to prevent the prosecution from using, against the accused, by the testimony of the officer having him under arrest, of a verbal statement made by the accused which the state seeks to use in proving the guilt of the accused. This we understand to be the effect of many decisions of this court. See Hernan v. State, 60 S. W. 766, 42 Tex. Cr. R. 464; Bailey v. State, 49 S. W. 102, 40 Tex. Cr. R. 150; Dover v. State, 197 S. W. 192, 81 Tex. Cr. R. 554, and numerous cases therein cited. See, also, Riley v. State, 264 S. W. 664, 93 Tex. Cr. R. 206; McClure v. State, 251 S. W. 1099, 95 Tex. Cr. R. 61; Hill v. State, 255 S. W. 433, 95 Tex. Cr. R. 501; Brent v. State, 232 S. W. 845, 89 Tex. Cr. R. 545; Dodd v. State, 198 S. W. 783, 82 Tex. Cr. R. 139; Willoughby v. State, 219 S. W. 468, 87 Tex. Cr. R. 40; Mayzone v. State, 225 S. W. 55, 88 Tex. Cr. R. 98. From Branch's Ann. Tex. P. C. § 59, we take the following statement:

"The statute relating to confessions is not confined strictly to a technical confession, but covers any act in the nature of a confession, statement or circumstance done or made by defendant while in confinement or custody, and not having been properly warned, which may be used by the state as a criminative fact against him."

[4] Supporting this analysis of the decisions, Mr. Branch cites many cases, among which are Johnson v. State, 66 S. W. 845, 43 Tex. Cr. R. 476; Fulcher v. State, 13 S. W. 750, 28 Tex. App. 465; Williams v. State, 10 Tex. App. 527; Parks v. State, 79 S. W. 301, 46 Tex. Cr. R. 104. In many of the cases cited by Mr. Branch, and referred to above, the effort was, as in the present case, to obviate the force of the statute by the contention that the declaration imputed to the accused was exculpatory upon its face. In the present case, the appellant did not testify, but, even if he had done so, his declaration, while under arrest, though not complying with or coming within any of the requirements of the confession statute, was not available for impeachment purposes. See Bailey v. State, 49 S. W. 102, 40 Tex. Cr. R. 151; Hill v. State, 161 S. W. 118, 72 Tex. Cr. R. 111; Williams v. State, 231 S. W. 110, 89 Tex. Cr. R. 339; Am. Law. Rep. vol. 9, p. 1360, note; Morales v. State, 36 S. W. 435, 846, 36 Tex. Cr. R. 234—overruling previous contrary announcements. This testimony was used against the appellant in connection with the testimony of other witnesses for the state, asserting that appellant had purchased strychnine on a certain occasion.

[5] The indictment charged that the appellant mixed poison with medicine with the intent to kill Pete Hext. To convict under this indictment, the proof must show that the appellant actually put poison in the medicine, or that he was connected with the transaction in such a way as to render him a principal offender under some of the provisions of the statute defining a principal offender. See Vernon's Tex. Crim. Stat. vol. 1, arts. 75, 76, 77, and 78.

[6] Appellant insists that, if he had guilty connection with the death of the deceased, the evidence goes no further than to put him in the position of an accomplice. The facts, as they appeared upon the former appeal, are summarized in the opinion. See 271 S. W. 81, 100 Tex. Cr. R. 24.

The evidence in the former appeal is not exactly the same as that in the present instance. To connect the appellant with the alleged offense, the state relied upon the circumstances detailed by the witness Stokes. Appellant was a son of the deceased, but was not living with his father. He had been away for some days. According to the testimony of Stokes, the appellant, the witness, and one Alexander went to the home of the deceased. They went there in an automobile, and took the appellant with them. We quote from the witness as follows:

"When we got over there, we all stayed in the car except Bob. * * * Bob got out and went to the house. * * * In going over there we went by Mr. Hickman's, where Bob was living. * * * While Bob went to the house, Howard Alexander and Walter Stokes and I were out in Howard's car. We did not get out of the car."

According to the witness, the car was some distance from the house. Appellant said he was going to get his mail. He returned to the car in a few minutes, not over five. The witness further said:

"I do not know whether he went in the house or not. I did not look to see. As to whether I know whether he stopped at the house, or whether he turned and went to the lot, will say that he went to the door. I know he went to the house. I saw him go to the door. As to how it came that I did not see him go to the house, will say I just did not see it. I was not noticing."

On behalf of the appellant, his 11-year old sister, Merl Hext, testified that she observed the appellant when he got out of the car and all the time until he returned thereto. Appellant started to open the door, and asked the witness if there was any mail for him. Receiving a negative reply, and without entering the house, the mother of the appellant called him to the lot and had a conversation with him, in which she asked him if he expected to eat dinner with them on the following day.

Pete Hext, a son of the deceased, and brother of the appellant, testified that the appellant left his father's home, took his clothes, and went to Mr. Hickman's house some two weeks before the death of the deceased. According to his testimony, the witness also left his father's home about a week before his father's death. There was nothing unusual in the appellant's leaving, as he had spent considerable time away from home at intervals for several years. The witness, who was 17 years of age at the time, had left his father's home on Sunday. A week before the death of the deceased, and before the witness left, he was badly beaten with a rope by the deceased. He was so badly beaten that he could not walk, but went to bed for two days. The witness said that there were family "spats"; that sometimes the appellant and his father were on friendly terms; that at other times they were not; that the same was true with reference to the other members of the family.

On the theory that the evidence suggests that the appellant may not have entered the home of deceased at any time after obtaining the strychnine, it may have been given to his mother or other members of the family with a criminal intent, the court was not justified in refusing to give an instruction to the jury that, if such were the facts, appellant's connection with the homicide would not have been as a principal offender but as an accomplice, and that, there being in the indictment no count charging that he was an accomplice, he could not be convicted under the indictment. The precedents noted in the original opinion are in point; also Burow v. State, 210 S. W. 805, 85 Tex. Cr. R. 133; Avila v. State, 268 S. W. 754, 99 Tex. Cr. R. 179; and citations found therein.

[7] There was evidence tending to show

that the form of strychnine which brought about the death of the deceased was crystallized, and that the character of the strychnine which, according to the state's theory, the appellant had purchased at a drug store, was powdered and not susceptible of being converted into crystals. Upon this fact and others, notably the evidence indicating that the appellant was not in the house in which the deceased died at a time giving him an opportunity to commit any offense by his direct act, and the fact that, if the evidence of his culpability as an accomplice was of such cogency as to support a conviction, the absence of that condition in the indictment precluded his conviction as an accomplice, appellant's counsel insists that there should be a definite announcement by this court that the evidence is insufficient to support the conviction. Upon this point we are referred to Burow v. State, 210 S. W. 805, 85 Tex. Cr. R. 133, and others in which, where there were no errors of procedure which authorized a reversal of the judgment, this court reviewed the evidence and expressed its opinion thereon. In the instant case, we find error or procedure which, in our judgment, render a reversal of the judgment necessary. We content ourselves, therefore, with addressing ourselves to the errors mentioned, without anticipating the evidence that may be forthcoming upon another trial, should the state elect to pursue the prosecution.

The motions for rehearing of both the state and the appellant are overruled.