## EUPHIAS HARKINS V. THE STATE.

### No. 14426.   Delivered November 4, 1931.

The opinion states the case.

*Oscar Callaway,* of Comanche, and *Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is the unlawful transportation of liquor; the punishment, confinement in the penitentiary for one year.

Officers apprehended the appellant and one Hays sitting in a coupe automobile on the side of a public road. The automobile belonged to

Hays. It would not run and the officers had to push it to town after the arrest and search. Appellant was seated under the wheel of the automobile and Hays was in a drunken stupor. Appellant was not drunk but whisky was smelt on his breath. A search of the automobile revealed a small amount of liquor and a flask on the floor of the car, and after they had brought the car into town, they found in the back of said car about eleven half-gallon jars of whisky.

Appellant testified that Hays got the flask of whisky out of the car and that he drank some of it, and Hays also drank some of it and got drunk. Appellant denied knowing anything about the whisky being in the car. He denied having anything to do with the whisky. He said he did not know any whisky was in the back of the car until after the search had been made. He offered testimony of his good reputation for being a peaceable, law-abiding citizen.

Appellant's bill of exception No. 2 presents for review the action of the trial court in admitting in evidence, over the objection of the appellant, a statement claimed to have been made by appellant while under arrest. The bill shows that the statement was made after the sheriff had taken charge of the appellant, some eight miles southwest of Stephenville, and his deputy had brought appellant to town. That when he stopped at the jail, while the sheriff was trying to open the back end of the car, the sheriff directed his deputy Martin to go to the car and get something to prize open the back of said car. That the defendant was standing off to one side of the car. The deputy Martin testified that when he walked by the defendant going to get a bar, he heard defendant say, "I believe I will run." Appellant objected to said testimony at the time it was made on the ground that he was under arrest at said time and said statement was not admissible for any purpose; that it had not been shown that appellant had been warned, and said statement was not in writing and signed by the appellant.

We believe this testimony should have been rejected. The defense of the appellant was that he had no knowledge of any whisky being in the automobile until after the car in which he and Hays were riding was stopped out on the highway; that at that time he only learned of the whisky in the half-pint flask which he and Hays drank, and that he did not know of the eleven half-gallon jars of whisky locked up under the back end of the car until after the search was made. The evidence complained of was used as an incriminating circumstance and was evidently introduced for the purpose of showing that appellant did know that the eleven half-gallon jars of whisky were in the automobile. The statement and acts of a person while under arrest for a crime cannot be used against him unless he has been properly warned by the person to whom the same is made and the same is made in writing and signed by the person making the same. Article 727, Code of Criminal Procedure.

From Branch's Texas Penal Code, sec. 59, we take the following statement:

"The statute relating to confessions is not confined strictly to a technical confession, but covers any act in the nature of a confession, statement, or circumstance done or made by the defendant while in confinement or custody, and not having been properly warned, which might be used by the state as a criminative fact against him."

Citing Johnson v. State, 43 Texas Crim. Rep., 476; Fulcher v. State, 28 Texas App., 465; Williams v. State, 10 Texas App., 526; Parks v. State, 46 Texas Crim. Rep., 100.

In the case of Hext v. State, 104 Texas Crim. Rep., 46, 282 S. W., 242, on motion for rehearing, this court, speaking through Presiding Judge Morrow, speaking of the statute which inhibits use against one accused of a crime of a confession made while under arrest unless it comes within some of the exceptions embraced in the statute, used the following language:

"The purpose and effect of this statute is to prevent the prosecution from using against the accused by the testimony of the officer having him under arrest of a verbal statement made by the accused which the state seeks to use in proving the guilt of the accused."

Citing Brant v. State, 89 Texas Crim. Rep., 544, 232 S. W., 845.

Appellant's bill of exception No. 1 presents for review the action of the trial court in overruling appellant's objection to certain testimony to the effect that when the officers first walked up to the automobile and waked appellant and arrested him, that he turned to Hays and said, "Wake up and act like you have got some sense; they are going to search this car." The trial court qualified this bill and admitted the testimony on the theory that the statement was res gestae statement and admissible and the appellant admits that under the late holdings of this court, the trial court was probably correct in admitting this testimony as res gestae. Therefore, we deem it unnecessary to discuss this bill.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.