### JOE LEACH v. THE STATE.

#### No. 841. Decided February 12th, 1896.

**Local Option—Recognizance on Appeal.**

A recognizance on appeal, from a conviction for violating the local option law, which recites that appellant was charged "with the offense of selling intoxicating liquors in a prohibited district," is fatally defective in not stating that the sale of the liquor was prohibited in the county, justice's precinct, city, town, or subdivision (named), after a vote was held, within the given territory, to prohibit the sale of intoxicating liquors.

APPEAL from the County Court of Jack. Tried below before Hon. E. W. NICHOLSON, County Judge.

This appeal is from a conviction for violation of local option, the punishment assessed being a fine of $25 and twenty days' imprisonment in the county jail.

The Assistant Attorney-General moved to dismiss the appeal, because the recognizance was fatally defective.

No statement necessary.

*W. E. Taylor*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction for a violation of what is known as the "local option law." The recognizance recites that the appellant stands charged "with the offense of selling intoxicating liquor in a prohibited district." The charge, as recited in the recognizance, is fatally defective in not stating that the sale of liquor was inhibited in territory in which the sale of intoxicating liquors has been prohibited, etc. It is not a violation of law to sell liquor in a "prohibited district." In order to constitute a violation of a local option law, the sale of liquor must occur either in the county, justice's precinct, city, or town, or subdivision of said county, after a vote is held within the given territory to prohibit the sale of such intoxicating liquor. There is no such territory known to what is commonly called the "local option law" as a "prohibited district." If that term were applicable to any state of case, it would be as well applicable to a territory in which certain stock are prohibited from running at large, after an election held for that purpose, as in such territory as may be covered by what is usually known as "local option precincts." The recognizance in this case failing to recite any offense known to the laws of the State of Texas, it is therefore fatally defective, and the appeal, for this reason, is dismissed.

*Appeal Dismissed.*