## M. Mitchell v. The State.

### No. 2525.   Decided October 29, 1902.

**Theft of Hog—Principal and Accomplice—Charge.**

On a trial for theft of a hog, where it appeared that defendant had fur-
nished one C. with a gun to kill the hog, and that he was not present at the
killing, and was doing nothing in pursuance of the consummation of the
crime at the time of the killing, this constituted him an accomplice only, and
not a principle to the crime; and it was error for the court to charge upon
the law of principals as applicable to the facts.

Appeal from the District Court of Red River.   Tried below before
Hon. Ben H. Denton.

Appeal from a conviction of hog theft; penalty, four years confine-
ment in the penitentiary.

The opinion states the case.

W. S. Thomas, for appellant.

Rob't A. John, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of a hog,
and his punishment assessed at confinement in the penitentiary for a
term of four years.

The facts adduced on the trial are substantially as follows:   Appel-
lant, with his two codefendants, the Cashes, agreed to steal the hog of
the prosecuting witness Cogburn; that appellant furnished one of the
Cashes with a gun, and told him to go and shoot the hog, which was
running in the Cogburn pasture; that Cash took the gun, went into the
pasture, shot and killed the hog, but did nothing with reference to its
asportation except to hide the hog in some brush; subsequent to the
killing of the hog, and on the succeeding day, appellant and his code-
fendants, the Cashes; went to the place where the hog was killed, skinned
the hog, concealed the hide and head, carried the meat to a gully near
appellant's house, and concealed it; that appellant and his codefendants
ate part of the flesh of the hog.

Appellant's main insistence is that the facts constitute him an ac-
complice, and not a principal, he not being present at the time the hog
was shot.   The court charged the law of principals to the jury.   In
Lott v. State, 20 Texas Crim. App., 230, it was held that the sale of
an animal running upon the range to an innocent party was not a theft
of the property, within the contemplation of our theft statute.   But
this case was overruled in Doss v. State, 21 Texas Crim. App., 505.
And the case of Martin v. State, 44 Texas, 172, was also overruled in
Coombes v. State, 17 Texas Crim. App., 258, in so far as it holds that
the killing of an animal is not a taking, within the law of theft.   In
the Doss case, supra, it was held that the pointing out of a cow on the
range and selling it to an innocent purchaser constitutes a fraudulent
taking within the law of theft.

Reverting to the facts, it appears that appellant gave Cash, one of his codefendants, a gun; that he went into the Cogburn pasture, and killed the hog. The moment that he killed the hog, within the contemplation of law, Cash's crime was complete, and he could have been prosecuted and convicted for the theft of the hog, and the act of appellant in giving him the gun makes and constitutes appellant an accomplice to the crime of theft committed by his codefendant. Carlisle v. State, 31 Texas Crim. Rep., 545. The mere fact that appellant appears upon the scene the next day in conjunction with the Cashes, and cleans the hog, concealing the hide and head, and concealing the meat in a gully near appellant's house, and eats some of the meat, would not change his legal status. For these last acts he could possibly be prosecuted for receiving stolen property, if this were all that he did. But there is no evidence in this record that makes appellant a principal within the contemplation of law. In Tittle v. State, 35 Texas Crim. Rep., 96, in discussing a similar question, the court used this language: "If the theft is committed in pursuance of some common design, in order to invoke the doctrine of principals as to an absent defendant, he must at the time the theft is being committed be then doing some act in furtherance of the common design,"—citing Wright v. State, 18 Texas Crim. App., 363; Smith v. State, 21 Texas Crim. App., 108; Dawson v. State, 38 Texas Crim. Rep., 50. In Steed v. State, 43 Texas Crim Rep., 567, we held that, where the undisputed testimony showed that defendant was not present when the stolen animal was killed and butchered by another, and merely assisted in placing the same in the wagon afterwards, he was not a principal to the crime of theft; at most, he would be but a receiver of stolen property. However, in that case there was no evidence that said defendant agreed to the killing of the animal or loaned a gun to the party who did the killing, yet we see no distinction in the principle. The distinction between accomplice and principal is a vexing one to always maintain. The general rule, however, seems to be that the act of the accomplice is a consummated act at the time the crime is committed. The act of the principal is somewhat in the nature of a continuous act. He is simply acting a part of a drama, so to speak, or tragedy, as the case may be; but in order to constitute one a principal when not actually present, he must be doing some act in pursuance of a common design at the time of the consummation of the crime, such as keeping watch or preventing detection by any means or manner. But where appellant, as in this case, merely furnishes a gun to another to commit a crime, the moment the crime is committed, if appellant is not present, and does nothing in the meantime in furtherance of the felonious purpose, he can not, in the nature of things, be other than an accomplice. If appellant, after furnishing the gun, had gone to Cogburn's house for the purpose of engaging Cogburn in conversation, and thereby prevent a detection of the theft of the animal, or if he had done any other act in pursuance of the common design to steal the hog at the time the hog was killed, then he

might have been a principal; but the moment he gave Cash his gun his act was consummated, and the subsequent killing of the hog makes him an accomplice only.

Because the court charged the jury the law of principals as applicable to the state of facts proved, the judgment· is reversed and the cause remanded.

*Reversed and remanded.*