## J. W. HANNON v. THE STATE.

### No. 2452.   Decided April 15, 1903.

**1.—Recognizance on Appeal.**

Where the recognizance on appeal does not state that defendant was convicted of a misdemeanor, but attempts to recite the offense, it must recite an offense prescribed by statute, and the same as set out in the information.

**2.—Same.**

"Pursuing an occupation without license" is not the statutory offense, and a recognizance so stating the offense is fatally defective.

**3.—Same.**

A recognizance is also fatally defective which does not state the amount of the fine imposed.

Appeal from the County Court of Gonzales.   Tried below before Hon. W. W. Glass, County Judge.

Appeal from a conviction of pursuing the occupation of a peddler without first obtaining a license; penalty, a fine of $600.

No statement necessary.

*Harwood & Walsh,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

. HENDERSON, JUDGE.—Appellant was convicted of a misdemeanor, and appeals. The Assistant Attorney-General has filed a motion to dismiss the appeal, on the ground that the recognizance fails to allege that appellant was convicted of a misdemeanor, and also fails to state the amount of the fine assessed against appellant. We have examined the recognizance, and it is defective in both the respects pointed out. Instead of following the form prescribed in article 887, Code of Criminal Procedure, stating appellant was convicted of a misdemeanor, it attempts to recite the particular offense for which appellant was prosecuted; and in doing so, the recognizance alleges that appellant was charged with the offense of "pursuing occupation without license." This is not the offense named in the information and prescribed by statute. The information charges appellant did unlawfully engage in, follow and pursue the occupation of a peddler, peddling cooking-stoves and ranges, an occupation then and there made taxable by law, etc., without having first obtained a license to pursue said occupation, etc. The occupation tax is assessed in general laws, Twenty-sixth Legislature, page 201; and the prosecution was under article 112, Penal Code. If the recognizance had sufficiently charged the offense under the statute, instead of using the simpler form prescribed by statute—that appellant had been convicted of a misdemeanor—it would have been sufficient. Kees v. State, 72 S. W. Rep., 855. The recognizance is also

45 Crim.—5.

fatally defective because it does not state the amount of the fine imposed.    May v. State, 40 Texas Crim. Rep., 196.

The appeal is accordingly dismissed.

*Appeal dismissed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]