## BOB PARISH v. THE STATE.

### No. 2995.   Decided October 12, 1904.

**Recognizance—Must Allege Misdemeanor, or Eo Nomine An Offense.**

A recognizance must allege that the appellant was convicted of a misdemeanor, or eo nomine set out the offense, and an allegation in the recognizance that the appellant has been convicted for violating the local option law is insufficient.

Appeal from the County Court of Nacogdoches.   Tried below before Hon. Robert Berger.

Appeal from a conviction for violating the local option law, prohibiting the sale of intoxicating liquors in said county; penalty, a fine of $50 and twenty days confinement in the county jail.

No statement necessary.

No brief for appellant on file.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, prohibiting the sale of intoxicating liquors in Necogdoches County, and his punishment assessed at a fine of $50 and twenty days' confinement in the county jail; hence this appeal.

The State, by the Assistant Attorney-General, has filed a motion to dismiss the appeal on the ground that the recognizance fails to comply with article 887 Code Criminal Procedure, because it does not state that appellant had been convicted of a "misdemeanor," but in lieu thereof states that "who has been convicted in this cause of violating the local option law, and his punishment assessed," etc. We have held that said article which authorizes the recital of a misdemeanor, instead of naming the offense, where it was one eo nomine, or describing it, where it was not may still be complied with, by naming the offense where it is one eo nomine by statute or describing the offense according to the statute. Kees v. State, 7 Texas Ct. Rep., 67. In that case the recitation contained in the recognizance, was an aggravated assault, and we held that as that was an offense eo nomine, the recitation was sufficient instead of using the word "convicted of a misdemeanor" as provided by statute. Here an attempt is made to set out the offense as shown above. It is described in the body of the recognizance "violating the local option law." There are several local option laws, and what particular one is not stated. The words used in this recognizance constitute neither an offense eo nomine under the statute, nor describe an offense. Therefore, the motion of the State must be sustained. Mitchell v. State, 7 Texas Ct. Rep., 71; Hannon v. State, 7 Texas Ct. Rep., 969; Horton v. State, 4 Texas Ct. Rep., 895; Leach v. State, 35 Texas Crim. Rep., 449. The appeal is dismissed.

*Dismissed.*