(137 App. Div. 92.)

FLANAGAN v. GOLDBERG et al.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. THEATERS AND SHOWS (§ 6*)—INJURIES TO PERSONS ATTENDING—LIABILITY
   OF PROPRIETORS.
   While the proprietors of a moving picture show would be liable for injury to one attending a show, if caused by the falling of a board negligently placed by them, they would not be liable for the injury if caused by a board thrown into the room by persons on adjoining premises, unless the proprietors had knowledge that such persons were committing depredations, or had done so, and thereupon negligently failed to protect those invited to the entertainment.
   [Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6;
   Dec. Dig. § 6.*]

2. THEATERS AND SHOWS (§ 6*)—INJURIES TO PERSONS ATTENDING—ACTIONS—
   BURDEN OF PROOF.
   In an action against proprietors of a moving picture show for injuries to one attending the show from the falling of a board, the burden is not upon defendants to show that they were not negligent.
   [Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Queens, Third District.
Action by Lollie Flanagan, by Charles A. Janin, her guardian ad litem, against Nathan Goldberg and another.   Judgment for plaintiff, and defendants appeal.   Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Samuel I. Goldberg, for appellants.
J. Baldwin Hand, for respondent.

THOMAS, J.   Plaintiff attended a moving picture show at Rockaway Beach, and during the performance a board fell upon her, causing the injury for which the action is brought.   Plaintiff's evidence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tends to show that the board was some 10 feet long, and that it had been placed against the inside wall of the room by defendants' servant. Defendants' evidence is to the effect that some children, running about on the adjoining premises, where building was in progress, removed, during the performance, a board from the side wall of the theater, and, pushing it through the hole, caused the injury.

If defendants negligently so placed the board that it fell and did the injury, they are liable. They would not be liable for an injury caused by a board thrown into the hall, unless the facts show that they had knowledge, actual or constructive, that the boys were committing depredations, or had done so, and thereupon negligently failed to protect those invited to the entertainment. The court charged, among other things:

"In actions of this character—in fact, in all actions—it is incumbent upon the plaintiff to prove by a preponderance of evidence his case. The rule is slightly different here, where in public places an injury occurs through some accident happening while there."

Defendants' counsel excepted to this charge, and thereupon the court charged, in effect, that, after the plaintiff was admitted and seated, the burden was upon the defendants to show that defendants were not negligent, and not upon plaintiff to show that the defendants were negligent.

For such error, the judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.