LEE BLACK V. THE STATE.

No. 847.    Decided March 8, 1911.

Rehearing Denied April 19, 1911.

**1.—Violating Stock Law—Recognizance.**

Where the recognizance recited that the defendant was charged with the offense of violating the stock law, the same was fatally defective; but inasmuch as a proper recognizance was filed, the dismissal will be set aside.

**2.—Same—Repeal of Law—Penalty—Statutes Construed.**

The Act of April 3, 1907, with reference to the stock law, did not repeal the Act of 1897 on the same subject, inasmuch as the offense charged and the penalty are the same in both Acts; besides defendant received the lowest penalty of the law.

**3.—Same—Character of Offense—Evidence—Charge of Court.**

On an indictment charging the defendant with unlawfully and willfully failing and refusing to keep up certain live stock and permitting same to run at large, etc., it was permissible to prove that the alleged animal was not kept up by the defendant and that it was permitted by him to run at large from time to time, and there was no error in not confining the State to one occasion.

Appeal from the County Court of Ellis. Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of violating the stock law; penalty, a fine of five dollars.

The opinion states the case.

*Tom Whipple,* for appellant.—On the question that the act was not wilful: Thomas v. State, 14 Texas Crim. App., 200.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—On March 16, 1909, an indictment was returned in the District Court of Ellis County, charging appellant with unlawfully and wilfully failing and refusing to keep up certain stock and with unlawfully permitting same to run at large, after the

qualified voters of Ellis County had determined at an election held in accordance with the laws of said State, that such stock should not be permitted to run at large in said county, and after the returns of said election had been opened, tabulated and counted by the county judge of said county in the presence of the county clerk thereof, and one justice of the peace thereof, and after it had been ascertained that a majority of the votes cast at said election were for the stock law, and after the county judge had issued his proclamation declaring the result of said election to be in favor of the stock law, and which said proclamation had been posted at the court-house door of said county, and after the expiration of the thirty days from the issuance of the proclamation aforesaid. At a trial had in the County Court of Ellis County, on December 8, 1909, appellant was found guilty as charged and his punishment assessed at a fine of five dollars. From this judgment an appeal is sought to be prosecuted to this court, and briefs have been filed on appellant's behalf presenting a number of questions as grounds of reversal. However, our Assistant Attorney-General has filed a motion to dismiss the appeal on the ground that the recognizance given by appellant is insufficient to confer jurisdiction upon this court. An examination of this recognizance shows that it was entered into in the sum of $450, "conditioned that the said Lee Black, who stands charged in this court with the offense of violating Stock Law, and who has been convicted of said offense in this court, shall appear before this court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case."

It is urged that since violating the Stock Law is not eo nomine an offense, that this recitation is not equivalent to a recitation that defendant stands charged with and is convicted of a misdemeanor. In the case of Parish v. State, 47 Texas Crim. Rep., 148, it was held that a recognizance must allege that the appellant was convicted of a misdemeanor or eo nomine set out the offense, and that an allegation in the recognizance that the appellant has been convicted for violating the local option law is insufficient. Judge Henderson there says: "We have held that said article which authorizes the recital of a misdemeanor, instead of naming the offense, where it was one eo nomine, or describing it where it was not, may still be complied with, by naming the offense where it is one eo nomine by statute or describing the offense according to the statute." In support of the decision in that case he refers to the case of Hannon v. State, 45 Texas Crim. Rep., 65, 7 Texas Ct. Rep., 969. In that case the recognizance alleged that the appellant was charged with the offense of pursuing an occupation without license. This, it was said, is not the offense named in the information and prescribed by statute. The information charges that the appellant did unlawfully engage in, follow and pursue the occupation of peddling cook stoves and ranges, an occupation then and there

made taxable by law. This was held to be insufficient. In the case of Mitchell v. State, 44 Texas Crim. Rep., 228, 7 Texas Ct. Rep., 71, Mitchell had been convicted of selling liquor to a minor. The recognizance in that case was to the effect that appellant "stands charged in this court with the offense of knowingly selling intoxicating liquor to a minor under 21 years of age, and who has been convicted of said offense." It will be observed that this was rather a more particular description of the offense of which Mitchell was convicted than is the description of the offense here. In passing on that matter Judge Brooks says: "It will be observed that it (the recognizance) does not state the sale was made to a minor 'without the written consent of the parent or guardian, or some one standing in their stead.' This is a requisite ingredient of this offense." See Shackelford v. State, 22 S. W., 26; McDaniel v. State, 20 S. W., 1108. These decisions, it seems to me, lay down a strict rule touching the matter—indeed, rather more strict than I should have been inclined, as an original question, to think either to be needed or appropriate; but it has frequently been followed, and the rule now laid down is so well settled that it would probably be unwise to change same, even if such change was authorized by a proper construction of our statute.

For the reason that the recognizance is defective and insufficient to give this court jurisdiction, it is ordered that the appeal be and the same is hereby dismissed.

*Dismissed.*

ON REHEARING.

March 8, 1911.

PRENDERGAST, Judge.—At a former day of this term this cause was dismissed because of an insufficient recognizance. Since then a sufficient recognizance has been entered into, and appellant has made a motion for rehearing. The motion for rehearing is, therefore, granted, and the order dismissing this cause is set aside.

The appellant was indicted on March 16, 1909, by the grand jury of Ellis County, charging that on or about the 5th day of March, 1909, he unlawfully and wilfully failed and refused to keep up one certain mare and horse belonging to him, and unlawfully and wilfully permitted one mare and horse of his own to run at large after the qualified voters of Ellis County had determined at an election held in accordance with law that horses and mares should not be permitted to run at large in said county, and after the election had been properly ascertained and proclaimed in accordance with the law.

The statement of facts shows "it is agreed that the stock law was in force in Ellis County during the time said mare of Lee Black's is claimed to have run at large."

Appellant's principal contention is, that the Act of April 3, 1907, page 123, repealed the Act of 1897, page 112, on the same subject, and that this indictment having been preferred under the law of 1897,

the charge of the court announcing and applying that law to the case was reversible error. An inspection of section 1 of the Act of 1897, and section 20a of the Act of 1907, so far as the offense charged in this indictment is concerned, is precisely the same. The Act of 1897 makes the offense a fine of not less than five nor more than fifty dollars. Section 20a of the 1907 Act says that a party shall be punished as provided by law. The appellant in this case was convicted, and the lowest penalty, five dollars, assessed. There was no error in the giving a charge under the law of 1897, as both Acts are the same, and it would make no difference when the election was held just so that, as agreed in the statement of facts, it was in force at the time the offense is charged to have been committed.

The testimony of the State in the case was, in substance, as follows: Dillehay testified that "defendant had an old mare, and she was in my field running loose many times. One time defendant came and cut some wood for me to pay the damages. He told me that he did not turn her out, but that she was breachy, and that he would keep her up. I can not say how many times. I never saw the mare running loose anywhere except in my field. This occurred in 1908 and 1909. That several times when I found defendant's mare in my field, and he came after her, I would tell him that he just must keep the mare up, and he would promise to do so, but the next morning she would be there again. That off and on the mare ran in my oat patch about two months; that I did care for the oats, and did not get after him about that. My farm was not fenced, and stock running at large could enter my field without breaking a fence."

Woodard testified that, "I saw Lee Black's mare running loose in my yard and in my field several times in 1908. Never saw her running loose anywhere else, except in Dillehay's field several times."

Rosson testified, "I saw Lee Black's mare running loose in the town of Milford. It was in a lane near my house. Don't remember how many times I saw her out. Milford is an incorporated town, and I never saw the mare running loose anywhere except in the corporate limits of the town of Milford. This was in 1908."

The appellant testified to the effect that he had a mare which he did not turn out, but that she would get out from time to time. He showed that he kept her in first one place and then another, but that the gates or fence would be opened for one purpose and another, and she would get out without his turning her out, or without his knowing anything about it, and that when he found her out he went and got her. There was other testimony by others to the effect that the appellant kept the mare in a gin lot part of the time, and in Miller's pasture part of the time. Sometimes parties would tear down the water gap in the pasture and the railroad running into the gin lot would sometimes tear the fence down and gates would be left open, and in that way the animal would get out.

The appellant asked charges and saved bills of exception, in sub-

stance as follows: Bill No. 1 was to the testimony of Dillehay, wherein he testified that defendant's mare had been in his enclosed land several times. This was objected to because it did not support the indictment. By bill No. 2 to the witness Woodward's testimony, wherein he testified that he had seen defendant's mare in his yard and his field several times, for the same reason, and by special charges he requested that the testimony of the witnesses as to the mare running in enclosures or field, and in the corporate limits of Milford, be not considered. By bill of exception No. 3 appellant requested the court to require the State to determine on which witness' testimony the prosecution would be based, as they all seem to testify about different occasions when the appellant's mare was out, which was refused by the court.

Under the indictment, and the character of the offense charged, it was permissible to prove, as was done in this case, that the appellant's animal was not kept up by him from time to time, and that it was permitted by him to run at large from time to time, for the purpose of establishing the charge.

No complaint is made of the charge of the court, and there was no reversible error committed by the court in refusing to give the special charges asked by appellant, and in overruling his objections to the testimony of the various witnesses. So that the judgment will be in all things affirmed.

*Affirmed.*