ABBIE WILLIAMS AND HENRY WILLIAMS, HER HUSBAND, PLAINTIFFS-APPELLEES, v. ESSEX AMUSEMENT CORPORATION, A DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 1, 1945—Decided September 12, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiffs-appellees, *David Cohn.*

For the defendant-appellant, *Wilbur A. Stevens.*

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment entered in the Passaic County Circuit Court upon a verdict by a jury in favor of the plaintiffs and against the defendant. It is based upon three grounds; first, that the trial court erred in its refusal to grant a motion made on the part of the defendant for a nonsuit; secondly, that the trial court erred in refusing to grant a motion by the defendant for a directed verdict; thirdly, that the trial court erred in refusing to charge defendant's request on contributory negligence.

The suit was for personal injuries sustained by the plaintiff Abbie Williams in the moving picture theatre of the defendant in the City of Paterson, and consequential damages incurred by her husband, Henry Williams.

On the day of the alleged occurrence plaintiff entered the theatre accompanied by her son. The evidence does not disclose his age but apparently he was at least eighteen or nineteen. After purchasing tickets, they proceeded up two flights of stairs to the balcony. The picture was being shown and the

theatre was darkened. Plaintiff's proofs were to the effect that in the lobby of the theatre there was a large number of youngsters, noisy and milling about. As plaintiff proceeded up the stairway there were also youngsters running up the stairs leading to the balcony. No usher was in the balcony. Defendant's evidence was that the youngsters were not boisterous, noisy or creating any kind of a disturbance and that there was a boy, a theatre employee, in the balcony. Plaintiff took three steps from the top of the landing in the balcony, to proceed to a seat, when she was knocked off her feet by the action and conduct of some of the youngsters in rushing to procure seats for themselves.

One of the charges in the complaint was defendant's failure to provide ushers and attendants to control the actions of a large number of patrons who were permitted to use the balcony, causing a considerable overflow therein, and it is upon this allegation of negligence that the case was tried. The defendant denied any such negligence and set up the defenses of contributory negligence and assumption of risk.

The proofs at the end of plaintiff's case and at the close of the entire case established questions of fact which required their submission to the jury for its determination.

There was no error in the refusal of the trial court to nonsuit or direct a verdict in favor of the defendant.

While overcrowding or a crowd in theatres does not, in itself, constitute negligence, it may become so when the actions of the crowd are out of the ordinary character or such as to endanger the safety of the theatre patrons while seeking to procure seats. *Thurber* v. *Skouras Theatres Corp.*, 112 *N. J. L.* 385.

There was also no error in the refusal of the trial court to charge the jury on the question of plaintiff's contributory negligence. Even though this was pleaded and the court requested to charge thereon no evidence was adduced at the trial requiring such to be done. All that was required, under the facts, was to charge on the question of assumption of risk. On that point the charge was specific and correct. See *Garton* v. *Public Service Electric and Gas Co.*, 117 *N. J. L.* 520.

The judgment is affirmed, with costs.