338

TOMMY FORD, by Next Friend, etc. v. HENRY C. BRANDAN, JR., et al.

MARION E. FORD v. HENRY C. BRANDAN, JR., et al.

Eastern Section. December 4, 1962.

Certiorari Denied by Supreme Court May 10, 1963.

Francis W. Headman, Knoxville, for plaintiffs in error.

Poore, Cox, Baker & McAuley, Knoxville, for defendants in error.

McAMIS, P. J. Tommy Ford, suing by next friend, brought this action to recover for personal injuries sustained on defendants' trampoline. In a companion suit the parents sought a recovery for medical expenses and loss of services. From judgments dismissing both suits upon directed verdicts for defendants both plaintiffs have appealed.

The defendants Brandan and Quinn engaged in the business of operating amusement devices known as trampolines which they invited the public to use for a charge of 50¢ per hour for each trampoline.

On August 15, 1960, at about 10 P.M., Tommy Ford, the minor plaintiff, then 16 years of age, in company with Jimmy Hall, Mark Keith and Bob Carter who were

about the same age visited defendants' place of business. Plaintiff and Jimmy Hall bought time on one of the 12 trampolines in operation. Their two companions remained on the sidelines. After alternately jumping for about 15 minutes, Jimmy Hall in an act of horseplay pushed plaintiff from a standing position at the side of the trampoline causing him to fall on the mat and rebound into the air 4 or 5 feet and then to fall on the exposed springs of the mat resulting in a broken arm.

Defendants' trampolines each consisted of a rectangular pit approximately 6' X 8', around which there was securely fastened at ground level a frame covered with foam rubber. Inside the frame and over the pit a mat was suspended by means of coil springs attached at one end to the frame and at the other end to the mat. Each spring was approximately one inch in diameter and 8 inches long. Between the springs there was an open and uncovered space of 4 or 5 inches.

There is no charge in the declarations of negligent or improper construction or maintenance of the trampolines. The charges of negligence are that defendants failed to give plaintiff instructions about how to use the trampoline in safety, failed to warn him of the danger or to properly supervise his use of the trampoline and, to quote from the declarations, "failed to prevent boys who were standing adjacent to the one being used by plaintiff (Tommy Ford) from horseplay."

Defendants' motion for directed verdicts made at the close of all the evidence was based upon the grounds that (1) there was no proof of negligence on the part of defendants (2) assumption of risk and (3) that plaintiff was injured as the result of horseplay. The Court directed verdicts on the last of these grounds. On analo-

gous facts the first two questions were considered by this court in Myers v. Sky Jump, Inc., Blount Law, decided August 8, 1962, where a directed verdict for the operator of a trampoline was held proper. There is no occasion to again go over the same ground covered in the opinion in that case. Horseplay was not involved in that case.

The facts relating to horseplay are undisputed, the primary questions being whether defendants owed plaintiff the duty of preventing unruly conduct on the part of other participants in the sport and failed to discharge that duty and whether plaintiff himself having participated in the horseplay and continued to jump was guilty of contributory negligence as a matter of law.

■ Generally, the proprietor or operator of a public place of amusement is liable to a patron for injuries sustained as the result of horseplay, boisterous conduct or other act of playfulness on the part of other patrons provided he had sufficient notice of such acts to enable an ordinarily alert and prudent person to stop them. Central Theatres, Inc. v. Wilkinson, 154 Fla. 589, 18 So.(2d) 755; Quinn v. Smith, 5 Cir., 57 F.(2d) 784; Savannah Theatres Co. v. Brown, 36 Ga.App. 352, 136 S.W. 478; Williams v. Essex Amusement Corp., 133 N.J.L. 218, 43 A.(2d) 828; Hill v. Merrick, 147 Or. 244, 31 P. (2d) 668; Editorial Comment 16 A.L.R.(2d) 932; 1962 Supplement 52 Am.Jur. p. 297, Theaters and Shows, Section 52.

■ Operators of places of amusement are not liable for such acts and resulting injuries in the absence of a showing of timely notice of the situation creating the danger. Hawkins v. Maine & New Hampshire Theaters Company, 132 Me. 1, 164 A. 628; Hughes v. St. Louis

Nat. League Baseball Club, Inc., 359 Mo. 993, 224 S.W. (2d) 989, 16 A.L.R.(2d) 904; Flanagan v. Goldberg, 137 App.Div. 92, 122 N.Y.S. 205; Editor's comment 16 A.L.R. (2d) 933.

In addition to the girl at the ticket office there was one attendant on duty to supervise the operation of the twelve trampolines. There is no proof that horseplay was going on among patrons using any of the other trampolines. The proof tending to show that defendants knew or should have known that horseplay was being carried on consisted of the following specific acts: In the fifteen minutes that plaintiff and Jimmy Hall had been jumping alternately Hall pushed plaintiff and caused him to fall on the trampoline without causing any injury. The only other instance was when plaintiff was pushed by Hall and injured. Plaintiff did not himself engage in the horseplay and was not aware that he was about to be pushed the second time. There is no proof as to where the attendant was stationed at the time either of these acts occurred or of loud and boisterous conduct sufficient to attract his attention or that any protest was made by anyone.

The burden was upon plaintiffs to show that defendants knew or should have known that horseplay of a nature which might cause one of their patrons to be injured was being carried on. We think the proof is insufficient as a matter of law to warrant a jury finding favorable to plaintiff on that issue. In view of plaintiff's admission that he was injured as the result of being pushed upon the mat there was no issue for the jury as to proximate cause. For the same reason it is unnecessary to determine whether plaintiffs made out a case for the jury on the other charges of negligence or to

pass upon the admissibility of certain expert testimony relating to the proper construction and supervision of trampolines or upon the questions of contributory negligence and assumption of risk upon which the trial court directed verdicts for defendants.

Affirmed.

Avery, (P. J. W. S.), and Cooper, J., concur.