Michael Keith DELLINGER, et al., Plaintiffs/Appellants,

v.

Raymond Todd PIERCE, et al., Defendants/Appellees.

No. 02A01–9203–CV–00091.

Court of Appeals of Tennessee, Western Section.

Aug. 28, 1992.

Application for Permission to Appeal Denied by Supreme Court Dec. 7, 1992.

Richard G. Rosser, Somerville, Karen Fleet, Bolivar, Joel Porter and Nicholas Bragorgos, Memphis, for plaintiffs/appellants.

Charles H. Barnett and Mark S. Hendrix, Jackson, for defendant/appellee Earl Curtis, Jr.

FARMER, Judge.

Plaintiff, Michael Keith Dellinger, by and through his parents, Lloyd Dellinger and Jamie Retha Dellinger, appeals from the order of the trial court granting summary judgment in favor of the Defendant, Earl Curtis, Jr.

On a Friday night in June 1988 Plaintiff, while still a minor, was criminally assaulted by Raymond Todd Pierce, also a minor, in the lobby of the Luez theater in Bolivar, Tennessee. The theater was showing a double feature that night, and the assault occurred during intermission. Defendant, the operator of the theater, indicated that normally three persons were required to adequately monitor, control, and discipline patrons of the theater and that Defendant himself continuously patrolled the theater while movies were in progress. During the altercation, however, no theater employee was present in the lobby.

As a result of the assault, Plaintiff sustained severe and permanent injuries. Plaintiff subsequently brought this action against Raymond Todd Pierce and his parents, Joseph E. and Patsy C. Wheeler as the owners of the theater, and Defendant as the lessee and operator of the theater. Plaintiff settled his case as to the Pierces and dismissed his appeal with respect to the Wheelers.

Citing *Corbitt v. Ringley–Crockett, Inc.,* 496 S.W.2d 914 (Tenn.App.1973), Plaintiff argues that Defendant, as the proprietor of a place of public amusement, breached his duty to use reasonable and ordinary care for the safety of patrons or invitees upon the premises. In *Corbitt* this Court stated the general rule as follows:

> The proprietor of a public amusement place owes his patrons a duty to use ordinary care to protect them from defects in the premises and to use ordinary care to protect them from other patrons or third persons. *Brodie v. Miller* (1940 E.S.), 24 Tenn.App. 316, 143 S.W.2d 1042. *Whenever the injuries are the result of the acts of another, operators of places of amusement are not liable for such acts and resulting injuries in the absence of a showing of timely notice of the situation creating the danger. Ford v. Brandan* (1962 E.S.), 51 Tenn. App. 338, 367 S.W.2d 481.

496 S.W.2d at 917 (emphasis added). Thus, imposing liability requires that the defendant "know or have reason to know that acts are occurring or about to occur on the premises that pose imminent probability of harm to an invitee." *Cornpropst v. Sloan,* 528 S.W.2d 188, 198 (Tenn.1975).

Plaintiff argues that Defendant knew or had reason to know of the situation creating the danger in this case. In support of this argument, Plaintiff points to the fact that his assailant, Todd Pierce, had been involved in prior incidents of fighting and misbehavior at the theater and had been banned from admission to the theater by the owners, the Wheelers, when they previously operated the theater. Plaintiff also asserts that Defendant was aware of at least the most recent incident but had agreed to readmit Todd a short time prior to the assault.

In his deposition, Todd Pierce stated that, after having a talk with Defendant, he was allowed to return to the theater as a patron. Upon cross-examination, however, Todd acknowledged that he did not know Defendant or remember what he looked like and that he could have talked to the previous operator of the theater, a Mr. McCroskey.

One of the owners, Joseph Wheeler, and his son, Johnny Wheeler, were deposed and testified that it was in fact Mr. McCroskey who readmitted Todd Pierce to the theater. By affidavit, an employee of the theater, Dawn Bennett, also stated that it was Mr. McCroskey who readmitted Todd to the theater and not Defendant.

In his deposition, Defendant testified that no one ever informed him of problems at the theater concerning Todd Pierce. This statement was corroborated by Johnny Wheeler, who testified that, in discussing the operation of the theater with Defendant, he did not mention Todd to Defendant. In addition, Defendant stated that during the period from April 1988, when he began leasing the theater, to June 1988, when the assault occurred, there were no incidents of violence or injuries to any patrons of the theater and no altercations involving Todd Pierce.

As this Court stated in *Owen v. Stanley*, 739 S.W.2d 782 (Tenn.App.1987),

> [a] motion for summary judgment can put the plaintiff's case to the test. After a plaintiff has been given a reasonable opportunity to substantiate its claims, a summary judgment may be entered if the plaintiff has failed to establish an essential element of his case on which [he] will bear the burden of proof at trial.

739 S.W.2d at 787 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Moman v. Walden*, 719 S.W.2d 531 (Tenn.App.1986)). An essential element of Plaintiff's case is Defendant's "timely notice of the situation creating the danger" to Plaintiff. *Corbitt*, 496 S.W.2d at 917.

■ In filing his motion for summary judgment, Defendant had the burden of demonstrating that no genuine issue of material fact existed and that he was entitled to judgment as a matter of law. *Jones v. Home Indemnity Insurance Co.*, 651 S.W.2d 213, 214 (Tenn.1983); *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476, 480 (Tenn.App.1978). When faced with Defendant's properly supported motion, however, Plaintiff could not rest on the mere allegations or denials of his pleadings but was required to respond by affidavit or otherwise setting forth specific facts showing a genuine issue for trial. T.R.C.P. 56.05. *See also Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Owen v. Stanley*, 739 S.W.2d 782, 787 (Tenn.App.1987).

■ Three witnesses stated under oath that Mr. McCroskey, not Defendant, readmitted Todd Pierce to the theater. Todd himself stated he was not sure which operator readmitted him. Faced with this evidence, we think it was incumbent upon Plaintiff to introduce evidence, by affidavit, deposition, or otherwise, that Defendant in fact was the theater operator who readmitted Todd. Plaintiff also has failed to rebut Defendant's statements that he was never informed of problems at the theater involving Todd Pierce and that no other fights or acts of violence had occurred during Defendant's lease of the theater. In the absence of such evidence, we conclude that Plaintiff has failed to set forth specific facts showing a genuine issue for trial regarding whether Defendant knew or had reason to know of a situation creating danger on the theater premises. Under these circumstances, we hold that it was proper for the trial judge to grant Defendant's motion for summary judgment.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to appellant for which execution may issue if necessary.

TOMLIN, P.J. (W.S.) and CRAWFORD, J., concurs.