**Brenda K. ALLEN, Plaintiff/Appellant,**

v.

**Herbert BAGGETT and wife, Dorothy Baggett, Individually and d/b/a Rainbow Skating Rink, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 26, 1995.

Permission to Appeal Denied by Supreme Court Aug. 21, 1995.

action against the owners of a skating rink, finding that all the fault should be apportioned to the plaintiff and a non-party. On appeal the plaintiff argues that the evidence preponderates against that finding. We affirm the trial court's judgment.

## I.

The defendants Herbert and Dorothy Baggett operate a skating rink in Clarksville. On March 21, 1987, the plaintiff, Brenda Allen, an inexperienced patron of the skating rink, was knocked into a railing by another skater and fell to the floor with a fractured hip. She sued the Baggetts for failing to monitor and control the actions of the other skaters.

It is the plaintiff's theory that a small group of eight to ten year old boys was on the floor, skating recklessly, pushing and shoving the other skaters. The defendants, or their agents, called the boys down on several occasions but did nothing else to stop the dangerous behavior. One of the group later hit the plaintiff and caused her to fall. By not taking appropriate action to get the reckless skaters off the floor, the defendants violated their duty of care to the plaintiff.

In cases tried without a jury, the existence of a duty and the applicable standard of care are for the court to decide based on evidence and mixed considerations of logic, common sense, and public policy. *White v. Metropolitan Government of Nashville and Davidson County,* 860 S.W.2d 49 (Tenn. App.1993). Once the duty is established, the scope of the duty or standard of care is a question of fact to be decided by the trier of fact. *Dooley v. Everett,* 805 S.W.2d 380 (Tenn.App.1990).

The duty owed by an operator of a public amusement place is one of ordinary care to protect patrons from defects in the premises or *from other patrons or third persons. Corbitt v. Ringley–Crockett, Inc.,* 496 S.W.2d 914 (Tenn.App.1973). Failing to stop horseplay, boisterous conduct, or other acts of playfulness is a breach of that duty provided the operator of the business has sufficient notice to act before the harm occurs. *Ford*

N. Reese Bagwell, Bagwell, Bagwell, Parker & Riggins, Clarksville, for plaintiff/appellant.

W. Timothy Harvey, Daniel, Harvill, Batson & Nolan, Clarksville, for defendants/appellees.

## OPINION

CANTRELL, Judge.

After a non-jury trial, the Circuit Court of Montgomery County dismissed the plaintiff's

*v. Brandon,* 51 Tenn.App. 338, 367 S.W.2d 481 (Tenn.App.1962).

As these rules suggest, whether a business operator breached a duty to his customers turns on the peculiar facts of each case, and the facts found by the trial judge come to this court with a presumption of correctness. Rule 13(d), Tenn.R.App.Proc. This court may reverse the trial judge's findings only if the evidence preponderates against them. *Id.*

In this case the plaintiff had not skated in approximately thirty years. When she arrived at the defendants' rink she spent some time in the beginner's area because she felt insecure. She moved onto the main floor and carefully skated around the floor for approximately fifteen minutes, keeping close to the rail. She and her witnesses testified that some young boys had been skating fast and had caused other people to fall. They also testified that someone in charge had ordered the boys to cease their reckless behavior. Although the plaintiff and her other witnesses observed the boys for some time before skating themselves, they did not report the reckless behavior and elected to skate anyhow.

After about fifteen minutes on the main floor, the plaintiff decided to go around the floor twice more before venturing out away from the rail. Proceeding slowly in a counter clockwise direction, she came to an area where skaters could enter and exit from the main floor—an area where there was no rail. She started to cross the open space and turned to look behind her when a young boy yelled, "Get out of the way." She was unable to move quickly enough and the two of them collided, knocking the plaintiff against the rail on her left side. The impact broke her left hip.

We cannot say that the evidence preponderates against the trial judge's finding that the defendants were not guilty of any negligence. There are some facts from which an inference could be drawn that the defendants failed to remove persons from the rink who, by their conduct, caused the premises to be dangerous. It would be just as reasonable, however, to infer that any reckless behavior had ceased because of the defendants' warning and that the collision causing the plaintiff's injuries was just a random event, unforeseen and unpredictable. The trial judge, having seen and heard the witnesses, found in favor of the defendants. The evidence does not preponderate against that finding.

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Montgomery County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.