IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

ALLEN A. BOOZE and wife,          ) C/A NO. 03A01-9803-CV-00095
DIANE BOOZE,                       )
                                   ) CUMBERLAND CIRCUIT
        Plaintiffs-Appellants,     )
                                   ) HON. JOHN A. TURNBULL,
v.                                 ) JUDGE
                                   )
FAIRFIELD COMMUNITIES, INC.,       )
d/b/a FAIRFIELD GLADE RESORT,      ) AFFIRMED
                                   ) AND
        Defendant-Appellee.        ) REMANDED

JOHN PHILIP PARSONS, EDWARDS & PARSONS, Cookeville, for Plaintiffs-Appellants.

JOE M. LOONEY, LOONEY & LOONEY, Crossville, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

Plaintiffs' action against Fairfield Communities, Inc., d/b/a Fairfield Glade Resort (Fairfield), was dismissed by summary judgment, and plaintiffs have appealed. It was alleged that Fairfield, acting as an innkeeper, rented room 5621 Country Club Villas, to the plaintiffs for a period from April 6, 1994 through April 9, 1994, which is a part of a town house unit owned by William E. Rueff and Margaret L. Rueff. The complaint further alleges that Allen Booze started down the steps leading from his room to the sidewalk and slipped on ice which had formed on the steps, and the fall was due to the negligence of the defendants in failing to remove the ice or warn plaintiffs about the condition.

At the time of summary judgment, plaintiffs had dismissed the Rueffs from the action with prejudice, and the remaining defendant's summary judgment motion was based upon the theory that defendant was under no duty to maintain the premises where plaintiff fell, since it was owned by another entity. It states that the Country Club Villas, Phase II, is a townhouse development created by Fairfield Communities, Inc., and that a Tennessee non-profit corporation was created under the name of "Country Club Villas II Property Owners Association, Inc.," which serves as administrator, manager, and property owner's association for the owners of property in Country Club Villas, Phase II. The area where plaintiff fell is classified as "limited common property", and the property owners association is responsible for the maintenance of this area. Thus, the defendant argues that it had no duty to maintain the premises where plaintiff fell, on the basis of an affidavit and documents filed with the motion.

In response, plaintiffs argue that they made their reservation for the Fairfield Glade Resort Inn or Motel in Cumberland County, Tennessee, and that when they arrived they were told by the Fairfield reservation agent that the Inn was over booked, and they were placed in the condominium unit. They further argue that they were in privity of contract with Fairfield, and that Fairfield had the ultimate responsibility to made sure the premises were safe and habitable.

While the plaintiffs made these allegations in response to the motion for summary judgment, they did not offer any affidavit in response to the motion. The Trial Judge, in granting summary judgment, observed that at the time of filing this action plaintiffs were on notice that the townhouse units where they were staying was not owned by the defendant Fairfield Communities, Inc.

When faced with a motion for summary judgment, a party "may neither ignore it nor treat it lightly." *Byrd v. Hall*, 847 S.W.2d 208 at 210 (Tenn. 1993).

2

Once a party makes a properly supported motion for summary judgment, "the burden then shifts to the non-moving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03 [now rule 56.04] establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact". *Id.* at 215.

In a negligence action, the plaintiff has the burden of proving: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) a causal relation between the injury to the plaintiff and defendant's breach of his duty of care." *Shouse v. Otis*, 224 Tenn. 1, 448 S.W.2d 673 (1969). Whether the defendant owes the plaintiff a duty of care is a question of law. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). If no duty is owed to the plaintiff, then a grant of summary judgment is appropriate, because there are not disputed material facts to submit to a jury. *See Marr v. Montgomery Elevator Co.*, 922 S.W.2d 526, 529 (Tenn. App. 1995).

Defendant's motion was supported by affidavit which established that the Property Owner's Association for the Country Club Villas Phase II, was responsible for the maintenance of the premises where plaintiff fell, and not the defendant. Upon evidence that defendant had no duty to maintain the premises, the burden shifted to the plaintiffs to offer evidence establishing facts which would establish a duty, not legal conclusions. Plaintiffs' response to the motion for summary judgment argued that defendant owed plaintiffs the duty to maintain, because the defendant was an innkeeper and plaintiffs were guests of the innkeeper. Innkeepers owe a duty to their guests to keep the premises reasonably safe, and the duty is non-delegable, 40 *Am.Jur.2*, Hotels, Motels, Etc. §81. We find no authority to extend such duty to premises owned and maintained by another party, absent the innkeeper's right to control such premises. Plaintiffs filed no supporting affidavits or depositions to establish material facts. Instead, they relied solely on the assertions in the complaint

3

and other assertions of fact in their response. The opponent of the motion for summary judgment may not rely on the allegations in their pleadings, but must respond with affidavits or discovery material showing specific facts and material issues for trial. *See Rules of Civil Procedure*, Rule 56.06; *Byrd*, 847 S.W.2d 215; *Dellinger v. Pierce*, 848 S.W.2d 654, 656 (Tenn. App. 1992). Plaintiffs offered no material evidence disputing defendant's evidence that it did not have a duty to maintain the premises where the injury occurred.

Accordingly, we affirm the summary judgment granted by the Trial Court and remand with the cost of the appeal assessed to the appellants.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.